## CARNALL VS. LOOPER.

EQUITY: *Relief in, against judgments at law.*

Equity will not relieve against judgments at law upon a ground purely legal and exclusively cognizable in a court of law, which the party might have pleaded to the action at law, unless he was prevented from making the defense by surprise, accident, or mistake, or fraud of the adverse party unmixed with negligence on his part, or unless he was ignorant of important facts material to his defense, and which he could not by due and proper diligence have discovered and pleaded in the action.

APPEAL from *Scott* Circuit Court in Chancery.

Hon. THOMAS H. BARNES, Special Judge.

*William Walker*, for appellant.

HARRISON, J. This was a suit in equity by Henry Looper against John Carnall.

The complaint alleged that Wiley A. Tomlinson, on the tenth day of November, 1852, entered at the United States land office at Clarksville, the north half of the southeast quarter of section twenty-eight, in township five north, of range twenty-nine west, and a patent was issued on the sixteenth day of June, 1856, and the said Tomlinson sold and conveyed the same to the plaintiff on the fifth day of March, 1858.

That after the entry by Tomlinson, the tract was, in 1853, selected and reported to the general land office as swamp and overflowed land, but which selection was never confirmed; yet, though no patent was ever issued for it to the state, it was afterwards sold by the commissioner of state lands to the defendant as swamp and overflowed land, and a deed was executed to him by the governor. That after his purchase from the state, the defendant brought, on the

second day of February, 1875, an action of ejectment for the land against John B. Long, the plaintiff's tenant, to which the plaintiff, upon his application, made himself a defendant, but that he made no defense; and at the August term, 1875, and on the thirteenth day of said month, the defendant recovered judgment against him for the land, and the possession had been surrendered to him.

That Tomlinson died long before the commencement of the action of ejectment; that his patent was never placed upon record, and the plaintiff, when the judgment was recovered against him for the land, had no knowledge or information that he had received the patent, or that the land had not been confirmed and patented to the state, and he did not learn these facts until on or about the twenty-fifth day of January, 1877.

The prayer of the complaint was that the defendant restore possession of the land and account for and pay the plaintiff rents and profits during the time of his possession, and that the deed from the state be set aside and canceled.

The defendant, in his answer, denied none of the allegations of the complaint, but set up and relied alone upon the judgment recovered by him as a bar to the action.

The court decreed that the defendant should surrender and restore the possession of the land to the plaintiff, and pay him one hundred dollars, the value of the rents and profits admitted upon the hearing, and that the deed from the state be set aside and canceled.

The defendant appealed.

EQUITY:
Relief in against judgments at law.

The doctrine is well settled that equity will not interpose to relieve against a judgment of a court of law upon a ground purely legal and exclusively cognizable in a court of law, which the party might have availed himself of as a defense to the action at law, unless he was prevented from making

such defense by surprise, accident, or mistake, or fraud of the other party, unmixed with negligence on his part, or unless he was ignorant of important facts material to his defense, and which he could not by due and proper diligence have discovered, and availed himself of in the action. *Andrews v. Fenter, 1 Ark., 186; Cummins v. Bentley, 5 Ark., 9; Watson v. Palmer, ib., 501; Hempstead v. Watkins, 6 Ark., 317, Jamison v. May, 13 Ark., 600; Conway v. Ellison, 14 Ark., 360; Hodges, ex parte, 24 Ark., 197.*

No reason whatever is shown why the appellant might not, before the judgment, have ascertained that the land had not been confirmed and patented to the state, which he might readily have done by applying to the commissioner of the general land office, or to the commissioner of state lands, for information upon the subject.

The answer put no averment of the complaint in issue; but the complaint stated or set forth no cause of action, and it should have been dismissed.

Decree reversed.