JIMMERSON *v.* FORDYCE LUMBER COMPANY.

Opinion delivered January 13, 1913.

1. EJECTMENT—JURISDICTION OF CIRCUIT COURT.—The circuit court has jurisdiction in an ejectment suit, under section 2738 of Kirby's

Digest, which provides that an action may be maintained by plaintiff when he claims the possession of the premsies under or by virtue of "an entry made with the register or receiver of the proper land office of the United States;" where it appears that the defendant had entered the land in controversy before being sued and obtained a patent after judgment was rendered against him in the circuit court, there being no controversy between the two claimants to the land before the department of the interior, relieving the circuit court of its jurisdiction. (Page 129.)

2. EQUITY—RELIEF AGAINST JUDGMENTS AT LAW.—Where A is sued at law in ejectment, and judgment goes against him, he can not set up in a court of equity, as a ground for enjoining the enforcement of the judgment at law, matters which he might have, but neglected to interpose in the defense of the suit at law. (Page 131.)

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellant instituted this action in the chancery court against appellee and for cause of action states:

That several years ago he entered forty acres of land in the United States Land Office at Little Rock, Arkansas; that before he had completed his entry and obtained a patent and while the title to said premises was in the United States Government appellee brought a suit of ejectment against him in the circuit court and obtained judgment. That recently a writ of possession was issued and is now in the hands of the sheriff; that he is still in possession of the land and subsequent to the time judgment was rendered against him in said ejectment suit he received a patent for said lands from the United States Government. His complaint further alleges.

That in said suit defendant only claimed said land by virtue of a float, or a pretended certificate of purchase, issued in _____, 1861, during the Rebellion, by one Francis H. Moody, who was appointed receiver, but at the time said receipt or entry was made had not qualified as such receiver, and, besides this, the said Francis H. Moody, at the time he issued said receipt, if, in fact, he ever issued same, had renounced allegiance to the government of the United States, and was therefore not an officer of the government, and had no right to dispose of the government lands. That there is not a

syllable of record in the General Land Office at Washington, D. C., to show that said White ever entered said lands or that the government ever received a cent for the same.

The prayer of the complaint is that the execution issued on said judgment be enjoined and that said judgment be declared a nullity and that the title to said lands be declared vested in appellant. The appellee interposed a demurrer to the complaint which was sustained by the court. Appellant upon leave being given by the court declined to plead further, and his complaint was dismissed by the court for want of equity. The case is here on appeal.

*Tellier & Webster,* for appellant.

1. The judgment of the law court was void for want of jurisdiction of the subject-matter. 173 U. S. 476; 15 N. Dak. 79; 12 Am. & Eng. Ann. Cas. 29, and notes, pp. 32, 33.

2. A void judgment can be attacked collaterally. 85 Va. 880; 48 Ark. 156.

Therefore, appellee should be enjoined from executing the judgment in the ejectment suit. 3 Blackstone's Com. 111; 2 Pomeroy's Eq. Jur. 666; 28 Tex. Cr. App. 330, 66 S. W. 863.

*Morton & Morton,* for appellee.

1. It is difficult to say from the complaint whether the attack is direct or collateral, but in either case the appellant should have incorporated the judgment in full in his complaint or made it an exhibit thereto. 23 Cyc. 1043; Kirby's Dig., § 4433; 35 Ark. 107, 109.

2. The circuit court had jurisdiction. Kirby's Dig., § § 2735, 2738; 26 Ark. 54; 49 Ark. 87; 1 Pet. 655; 7 Law Ed. 302; 21 Wall. 660, 22 Law Ed. 639; 93 U. S. 209; 23 Law Ed. 849; 139 U. S. 507.

HART, J., (after stating the facts). It is true, as stated by counsel for appellant, that the courts are without jurisdiction to determine the rights of rival claimants of land of the United States while a controversy is being waged before the proper officers of the Interior Department to settle such rights. *Marquez* v. *Frisbie,* 101 U. S. 473; *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.,* 190 U. S. 301; *Zimmerman* v. *McCurdy,* (Dak.) 12 Am. & Eng. Ann. Cas. 29, and case note.

The allegations of the complaint, however, do not bring the present case within that principle. Here there was no contest pending in the land office between the claimants at the time the ejectment suit was pending. The allegations of the complaint are that appellee brought a suit in ejectment against appellant in the circuit court for the possession of said land, and obtained judgment against him. The complaint purports to exhibit a copy of the judgment in the ejectment suit, but the judgment does not appear in the transcript. In the case of *Marquez* v. *Frisbie, supra,* it was held that, a court will not, by reason of its jurisdiction of the parties, determine their respective rights to a tract of public land, which are the subject-matter of a pending controversy whereof that department has rightfully taken cognizance, nor will it pass a decree which will render void a patent when it shall be issued. But the court said:

"We did not deny the right of the courts to deal with the possession of the land prior to the issue of the patent, or to enforce contracts between the parties concerning the land. But it is impossible thus to transfer a title which is yet in the United States."

Section 2738, Kirby's Digest, provides that an action for the recovery of real property may be maintained in all cases where the plaintiff claims the possession of the premises under or by virtue of:

*First:* An entry made with the register and receiver of the proper land office of the United States.

*Second:* A pre-emption right under the laws of the United States.

The ejectment suit in question was for the possession of the land, and under our statute and the authorities cited above, the court had jurisdiction to determine that issue. See also, *Trulock et al* v. *Taylor,* 26 Ark. 54; *Chowning* v. *Stanfield,* 49 Ark. 87.

The allegations of the complaint are to the effect that the certificate of purchase issued to appellee or its grantor was void was within the knowledge of the appellant when the ejectment suit was brought and, in discussing the principles of law applicable in such cases, in the case of *Carnall* v. *Looper,* 35 Ark. 107, the court said:

"The doctrine is well settled that equity will not interpose to relieve against a judgment of a court of law upon a ground purely legal and exclusively cognizable in a court of law, which the party might have availed himself of as a defense to the action at law, unless he was prevented from making such defense by surprise, accident, or mistake, or fraud of the other party, unmixed with negligence on his part, or unless he was ignorant of important facts material to his defense, and which he could not by due and proper diligence have discovered, and availed himself of in the action." (Citing authorities).

Thus it will be seen the appellant might have interposed as a defense to the suit for the recovery of the possession of the land the very matters which he now relies upon to maintain this suit in equity, and for that reason he is not entitled to relief in the present action, and the court properly dismissed his complaint for want of equity.

Appellant, however, alleges in his complaint that since the determination of the ejectment suit against him the Interior Department of the United States has issued to him a patent to the land, and we do not in this opinion wish to be understood as denying him his right to assert his title in a proper suit in the proper forum.

The decree will be affirmed.