JIMMERSON v. FORDYCE LUMBER COMPANY.

Opinion delivered June 28, 1915.

1.   EJECTMENT—CERTIFICATE OF ENTRY.—The holder of a certificate of entry may maintain an action of ejectment.

2.   JUDGMENTS—BINDING EFFECT—MATTERS WHICH MIGHT HAVE BEEN RAISED.—Parties to litigation must present all their defenses thereto, and they will be bound upon any issue which might have been adjudicated.

3. TITLE—ISSUANCE OF PATENT—RELATION BACK.—A patent, when is-sued, relates back to the initial step in the procurement of the title, namely the original entry.

4. TITLE—PATENT—CERTIFICATE OF ENTRY.—A patent relates back to the entry, upon which it is based, and an adjudication of title after the initial step is taken, in obtaining the certificate of entry, will bar any further litigation concerning those rights, after the issuance of the patent.

Appeal from Cleveland Circuit Court; *H. W. Wells,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

1. The plea of *res adjudicata* can not be sustained. The judgment in ejectment was rendered before the issuance of the patent. The compliance with the homestead laws and the issuance of a patent constituted a new title never adjudicated. 106 Ark. 125, 131; 98 *Id.* 33; 94 *Id.* 221; 39 *Id.* 120; 55 *Id.* 286; 8 Ark. 344; 95 *Id.* 438; 71 *Id.* 491; 149 Fed. 694; 6 *Id.* 379; 4 Okla. 272; 3 *Id.* 649; 114 U. S. 47; 116 *Id.* 48.

*S. F. Morton* and *Woodson Moseley,* for appellee.

1. The *plea* of *res adjudicata* was properly sus-tained. The final judgment in the former case is a com-plete bar. 4 Wall. 174; 199 U. S. 142; 67 Am. St. 484; 113 Mich. 565; Kirby's Dig., § 2738; 23 How. 235; 32 Cyc. 817; 49 Ark. 87.

2. In an action at law by a patentee, it is competent to set up a prior equitable title in bar. 1 Black 132; 26 Ark. 54; 29 *Id.* 560; 32 Cyc. 207, 208; 101 U. S. 260.

McCULLOCH, C. J. This is an ejectment suit, the plaintiff Jimmerson claiming title under a patent issued to him from the general land office of the United States pursuant to a homestead entry made April 4, 1905. The defendant pleads a former adjudication in another action between the parties in bar of the right of the plaintiff to recover in this action.

It appears from the pleadings that the defendant asserted title to the lands in controversy under an entry made with the register and receiver of the land office of

the United States anterior to the date of plaintiff's homestead entry. Plaintiff took possession under his entry, and in the year 1907, defendant instituted an action against him in the circuit court of the county where the land is situated to recover possession thereof, claiming title under said entry made with the United States land office. There was a jury trial of that case which resulted in a judgment in favor of the defendant in the present case. No appeal was prosecuted from that judgment, and it stands unreversed and in full force. Plaintiff remained in possession of the land until the year 1913, when the defendant sought to enforce the judgment against him by issuance of process thereon, and he instituted an action in the chancery court to enjoin the defendant from causing the judgment to be executed. The chancery court decided the cause in favor of the defendant, and on appeal, this court affirmed the judgment. We decided that the circuit court had jurisdiction in the ejectment suit, and that the plaintiff could not "set up in a court of equity, as a ground for enjoining the enforcement of the judgment at law, matters which he might have, but neglected to interpose in the defense of the suit at law." At the conclusion of the opinion, the following was added: "Appellant, however, alleges in his complaint that since the determination of the ejectment suit against him, the Interior Department of the United States has issued to him a patent to the land, and we do not in this opinion wish to be understood as denying him his right to assert his title in a proper suit in the proper forum." 106 Ark. 127.

The plaintiff then instituted the present action to recover possession, and insists that the language quoted above is decisive of his right to assert his title in this suit. We are of the opinion, however, that it was only meant to exclude from the opinion in that case any determination of what the plaintiff's rights would be in an action at law asserting his title. We did not mean to decide a question which was not then before us, and did not attempt to do so. In fact, the judgment in the ejectment suit was not in the record of the case then under consideration.

(1-2)    The trial court overruled the demurrer to the answer of the defendant, setting up the former judgment in the ejectment suit in bar of the present action, and the question presented here is whether or not the answer tendered an issue which constituted a defense to this action. It will be noted from the recital of facts that both parties claimed under certificates of entry, which were sufficient under the statutes of this State to authorize the holder to maintain an action of ejectment. Kirby's Digest, section 2738. It is true, also, that that suit was an adjudication of all the rights of both parties concerning the subject-matter of the litigation. The plaintiff in the present suit, who was the defendant in that suit, was in possession under a certificate of entry which constituted equitable title and was sufficient to afford a defense against one who did not have a better title. It was the duty of the plaintiff to present all of his defenses in that case, and he is bound upon any issue which might have been then adjudicated. *Daniel* v. *Garner,* 71 Ark. 484. The record shows that the plaintiff did in fact, set up a defense under his homestead certificate and that the issue was decided against him.

(3)    That judgment adjudicated, between these parties, the title and right of possession, and the only question presented now is whether or not the issuance of the patent subsequent to the rendition of that judgment constituted a new title which was not covered by that adjudication. We are of the opinion that it was not a new title, for it has frequently been decided by the Supreme Court of the United States that a patent, when issued, relates back to the initial step in the procurement of the title, which is, of course, the original entry. *Stark* v. *Starrs,* 6 Wall. 402; *Hussman* v. *Durham,* 165 U. S. 144.

(4)    That being true, it follows that an adjudication of the rights of the parties after the initial step is taken, in a case where those rights may be adjudicated, will bar any further litigation concerning those rights after the issuance of the patent. We do not overlook the decision of the Supreme Court of the United States in *Gibson* v. *Chouteau,* 13 Wall. 92, where that court said that "the

doctrine of relation is a fiction of law adopted by the courts solely for the purposes of justice, and is only applied for the security and protection of persons who stand in some privity with the party that initiated proceedings for the land,'' and held that a statute of limitations did not run before the issuance of a patent so as to intercept the legal title which was subsequently conveyed by the issuance of the patent. While it is true that the statute of limitations will not run so as to bar the assertion of title under the patent, it is different where there has been an adjudication of rights within the court's jurisdiction, and that constitutes a bar to further litigation on the subject, even though the judgment was rendered prior to the issuance of the patent. That is, we think, conceded in the opinion in the case just referred to where the court recognized the power of the States, pursuant to their own statutes, to authorize the adjudication in their own courts of equities between parties concerning entries in the United States land office, or patents issued pursuant thereto. To hold otherwise would be to restrict the adjudication merely to the temporary right of occupancy. The action of ejectment is a possessory action, but the title to the property sought to be recovered may be, and in this instance was, adjudicated. The adjudication of the title before the issuance of the patent has the same force as an adjudication afterward, for, as before stated, the patent relates back to the entry which was in force at the time the title was adjudicated in the former case. We hold, therefore, that the former judgment was conclusive of all the rights in the present case, and bars the plaintiff's right to recover the land under a claim which was asserted at that time.

There is no question involved here of jurisdiction of the court to determine the rights of rival claimants while a controversy was pending between them before the proper officer of the Interior Department, for, as we said when the case that was here before (106 Ark. 127), there is no controversy pending there.

Judgment affirmed.