*Madrid B. Loftin* and *Walter L. Pope,* for appellant.

*Edwin B. Keith* and *McKay, McKay & Anderson,* for appellee.

HUMPHREYS, J. On February 3, 1927, William Jamerson executed a deed of trust to W. H. Dismukes as trustee for the benefit of Crumpler & Bustion, a partnership, on the northeast quarter of the southwest quarter of section 35, township 16, range 20 in Columbia county, Arkansas, to secure a note he owed the partnership in the sum of $2,275, due and payable on the 15th day of October, 1927, with interest.at the rate of 10 per cent. per annum from date until paid.

The deed of trust contained a covenant that the land was wholly and entirely the mortgagor's own, free from

all incumbrances as well as the warranty of title to the trustee.

William Jamerson was a widower at the time he executed and delivered the deed of trust or mortgage to the trustee, his wife, Lila Jamerson, having died prior to 1927, leaving surviving her, her husband, William Jamerson, and appellants herein, Willie Jamerson Thomas, Relda Jamerson Banks, Essie Lee Jamerson, Corrine Jamerson Hunter, and Leonard Jamerson, the last three named being minors, Essie Lee Jamerson now being eighteen years old, Corrine Jamerson Hunter and Leonard Jamerson younger than she, but their disabilities of minority were removed on March 1, 1939, in order that they might bring suit in their own names to recover the land in question.

After the death of Lila Jamerson, her husband, William Jamerson, continued to live on the land with his and Lila's children until he died in 1932, and thereafter, on August 13th of that year, the Columbia-Peoples Bank of Magnolia being the owner and holder of the indebtedness of William Jamerson to Crumpler & Bustion and the deed of trust executed by William Jamerson to secure same, on February 3, 1927, brought a suit in the chancery court of Columbia county, second division, to foreclose said deed of trust and made the appellants herein and Carrie Jamerson, whom William Jamerson had married after Lila's death, parties defendant in the foreclosure suit.

All of the appellants herein were properly served and the adult defendants made default in the foreclosure suit. A guardian *ad litem* was appointed by the court to represent the minors, and as such guardian he filed the following answer:

"First. He denies the execution of the note and deed of trust by William Jamerson.

"Second. He denies that there is due the plaintiff the sum of $3,518.63 or any amount whatsoever on said note.

"Third. He denies that Crumpler & Bustion, a partnership, transferred said note and deed of trust to plaintiff here.

"Fourth. He denies that plaintiff is entitled to a foreclosure on said note and deed of trust.

"Having answered he asks: that before plaintiff be given judgment it be required to prove each and every allegation in its complaint;

"That he be discharged with costs and released from further duties herein."

The foreclosure suit was then tried by the court upon the amended complaint and the exhibits thereto which embraced the note and mortgage William Jamerson had executed to Crumpler & Bustion, the answer of the guardian *ad litem* for the three minor defendants, default on the part of all other defendants; the submission of the cause upon the complaint with the exhibits thereto (the note and deed of trust); the answer of the guardian *ad litem;* the depositions of the plaintiffs and the original note and deed of trust sued upon. The substance of the decree is that Columbia-Peoples Bank have judgment in the sum of $3,751.38; that the plaintiff have a lien by virtue of the assignment of notes sued on and the deed of trust, which is prior and paramount to any right, title, claim, interest or equity of the defendants; that if said sum of money be not paid within thirty days the commissioner of the court shall sell, after due notice, the land hereinabove described; that the purchaser shall execute bond for the purchase money so bid; that upon the sale of the property aforesaid and the confirmation thereof, all right, title, interest and equity of redemption of the defendants shall be forever, foreclosed and barred; that D. C. Perry be appointed commissioner to execute the decree.

The sale was made by the Commissioner on January 13, 1934, and the report of sale was approved and confirmed. On January 23, 1934, the Commissioner executed a deed to the Columbia-Peoples Bank upon payment of the amount it bid for the land. The Columbia-Peoples

Bank became insolvent and the Bank Commissioner of the state took over its assets for liquidation, and in the course of winding up the affairs of the bank the land in question was conveyed to S. J. McCullum, the appellee herein, on January 24, 1937, and at or about that time the appellee demanded and obtained possession of the land from a part of the appellants who had continued to reside thereon.

On March 2, 1939, appellants filed suit in the Columbia chancery court, second division, against the appellees to cancel the Commissioner's deed to the Columbia-Peoples Bank of Magnolia, and the deed from the State Bank Commissioner to appellees and to quiet title to the land in appellants, alleging, in substance, that they were the owners of the land in question by virtue of a certain deed, executed and delivered to Lila Jamerson and her heirs, which deed was executed by J. W. Jamerson to Lila Jamerson and her heirs about 1916, but which deed had been lost and was never placed of record; that thereafter on the 20th day of August, 1932, the said J. W. Jamerson, being joined by his wife, Sarah Jamerson, executed and delivered to Rufus Jamerson, Willie Jamerson Thomas, Essie Lee Jamerson, Relda Jamerson Banks, Leonard Jamerson, and Corrine Jamerson a special quitclaim deed, a copy of same being filed and made exhibit to the complaint and a part thereof the same being filed for record on the third day of October, 1932, and being recorded in Deed Record Book 70 in said county on pages 52-53.

They then alleged the execution of the mortgage on February 3, 1927, by W. T. Jamerson, or William Jamerson, to a trustee for the benefit of Crumpler & Bustion to secure a loan of $2,275 and set out in their complaint all the foreclosure proceedings step by step heretofore mentioned charging and alleging that the land belonged to Lila Jamerson and not to William Jamerson at the time he mortgaged same to a trustee for the benefit of Crumpler & Bustion, and that the mortgagee obtained no title to the land through the foreclosure proceedings and mesne conveyances to appellee. The prayer of the

complaint was to cancel all the foreclosure proceedings because no title passed to appellee thereunder and because the said William Jamerson had no title to the land at the time he mortgaged same to Crumpler & Bustion. The special quitclaim deed made by J. W. Jamerson and his wife to the heirs of Lila Jamerson which was attached to the complaint as an exhibit and made a part thereof is as follows:

"J. W. Jamerson, *et al.,* to The Heirs of Lila Jamerson

"Special Quitclaim Deed. Dated August ......, 1932. Filed October 3, 1932, 9:30 a. m. Recorded in Book 70, pages 52-53, Deed Records, Columbia county, Arkansas.

"Whereas, on the 23rd day of November, 1916, J. W. (or Jack) Jamerson and his wife, Sarah Jamerson, did agree to sell and convey to Lila Jamerson and the heirs of her body the following described lands situated in the county of Columbia and state of Arkansas, to-wit:

"Northeast quarter of the southwest quarter of section 35, township 16 south, range 20 west, containing 40 acres more or less, and that no deed was ever made to Lila Jamerson and her heirs.

"That the consideration of said sale was for the sum of $300 that was to be paid by Lila Jamerson as follows: $100 cash and two land notes in the sum of $100 each; that said land notes were to bear interest at the rate of 10 per cent. from date until paid.

"That Dock Burris who was the father of Lila Jamerson paid to said J. W. (or Jack) Jamerson the consideration above referred to for the benefit of Lila Jamerson and the heirs of her body; that the said above lands were to be the sole property of Lila Jamerson and the heirs of her body; that Dock Burris is now deceased and that Lila Jamerson is now deceased, but that the said Lila Jamerson left the following heirs, to-wit: Rufus Jamerson, Willie Jamerson Thomas, Anna Jamerson Harper, Relda Jamerson Banks, Lenon Jamerson, Essie Lee Jamerson, and Corrine Jamerson.

"Now, therefore, for and in consideration of the foregoing premises, I. J. W. (or Jack) Jamerson and his wife, Sarah Jamerson for and in consideration of $1 to us in hand paid, receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey and forever quitclaim all of our right, title and interest in the above described lands unto the said above heirs of Lila Jamerson.

"To have and to hold the same unto the said heirs of Lila Jamerson and unto their heirs and assigns forever with all appurtenances thereunto belonging.

"And I, Sarah Jamerson, wife of the said J. W. (or Jack) Jamerson, for and in consideration of the said sum of money in the foregoing premises do hereby release and relinquish unto the said heirs of Lila Jamerson all my right of dower and homestead in and to said lands.

"Witness our hands and seal on this the ............................ day of August, 1932.

"J. W. Jamerson      (Seal)

her

"Sarah Jamerson   X   (Seal)

mark

"Witnesseth:

"Monroe Burris.

"Acknowledgment

"State of Arkansas, County of Columbia—

"Be it remembered, that on this day came before me, the undersigned, a notary public within and for the county aforesaid, duly commissioned and acting, J. W. (or Jack) Jamerson and Sarah Jamerson to me well known as grantors in the foregoing deed and stated that they had executed the same for the consideration and purposes therein mentioned and set forth.

"And on the same day voluntarily appeared before me the said Sarah Jamerson, wife of the said J. W. (or Jack) Jamerson to me well known and in the absence of her said husband declared that she had of her own free will executed said deed and signed and sealed the

relinquishment of dower and homestead in the said deed for the consideration and purposes therein contained and set forth without compulsion or undue influence of her said husband.

"Witness my hand and seal as such notary public on this the 20th day of August, 1932.

(Seal)                              "Henry B. Whitley,
                                        "Notary Public."

"My commission expires 11-12-33."

A demurrer was filed to the complaint which was sustained and, appellants refusing to plead further, same was dismissed from which decree of dismissal an appeal has been duly prosecuted to this court.

This is clearly a collateral attack upon a judgment rendered in a foreclosure decree upon two grounds, the first being that the guardian *ad litem* did not make sufficient defense for the minors in the foreclosure proceeding to which they were made parties by proper service and, the second being that the issue of ownership of the land was not involved in the foreclosure proceeding in which all of the appellants were made parties and properly served with process.

(1)   We set out in full the answer of the guardian *ad litem* heretofore in this opinion. The answer filed by the guardian *ad litem* denied the execution of the note and deed of trust by William Jamerson; also that there was due the plaintiff the sum of $3,518.63 (including interest) or any amount whatsoever on the note; also that Crumpler & Bustion, a partnership, transferred said note and deed of trust to the plaintiff; also that the plaintiff was not entitled to a foreclosure on said note and deed of trust; and followed these denials with a demand that before plaintiff be given judgment it be required to prove each and every allegation in the complaint.

It seems to us that this was a complete denial of each and every material allegation of the complaint which were prejudicial to the minors.

Section 1425 of Pope's Digest, in part, states:   "It shall be the duty of the guardian of an infant  . . .  to

file an answer denying the material allegations of the complaint prejudicial to such defendant.''

We do not think there is any merit in the contention that the minors were not completely and sufficiently represented.

(2) Appellants' second contention that the issue of ownership of the land in question was not involved in the foreclosure proceedings is without merit. The mortgage or deed of trust from William Jamerson to the trustee for Crumpler & Bustion was made an exhibit to the complaint and a part of the complaint in the foreclosure proceedings. It recites on its face that William Jamerson was the sole owner of the land, and that same was unincumbered and contained a warranty of title to the trustee. This exhibit controls the allegations of the complaint and amounted to an allegation in the complaint that William Jamerson was the owner thereof. There appears in the complaint, paragraph 11, the following allegation:

''That said note is past due and due demand has been made for the payment thereof, and that the Columbia-Peoples Bank of Magnolia, Arkansas, has a lien on the lands described in the said deed of trust as well as the personal property described therein to secure the payment of said indebtedness, which lien is prior and paramount to all the right, title or interest of the said defendants or either of them.''

The statement of the covenant in the mortgage that William Jamerson was the owner of the land together with the warranty of title and the allegation of the complaint quoted above was equivalent to an allegation that William Jamerson was the owner thereof and tendered an issue of ownership to the appellants who were all defendants properly served in the foreclosure proceedings.

In the judgment and decree of foreclosure the court found: ''That the plaintiff, Columbia-Peoples Bank has a lien by virtue of assignment of a note sued on herein and a deed of trust securing same from Crumpler & Bustion, to secure the payment of said sum of $3,751.38

and accrued interest, which is prior and paramount to any right, title, claim, interest or equity of either and all of the defendants herein or their privies in blood or estate, or any one claiming or holding any right, title, interest, or equity acquired since the recordings of the said deed of trust on the third day of February, 1927," and ordered in the decree: "That upon the sale of the property aforesaid and the confirmation thereof by the court all of the right, title, and equity of redemption of the defendants, Carrie Jamerson, Rufus Jamerson, Bert Jamerson, Willie Thomas, Relda Banks, Anna Harper, Essie Lee Jamerson, Corrine Jamerson, and Leonard Jamerson, and each of them, and all the dotal and homestead rights of Carrie Jamerson, as widow of William Jamerson, deceased, in and to said property and every part thereof, shall be and the same are hereby adjudged and decreed from that date to be foreclosed and forever barred."

We think the above quotations from the decree reflect that the court actually tried or determined the issue of ownership necessary to the finding and order just quoted from the decree.

The second paragraph in the demurrer to the complaint is as follows: "It appears from the complaint and exhibits thereto, that if the facts as alleged were true, the plaintiffs are now barred from maintaining this suit by reason of the judgment and decree sought to be set aside for the reason that these issues were, or could have been adjudicated in the trial of that suit."

Being of the opinion that the issue of ownership of the land was sufficiently pleaded and actually determined by the court the doctrine of *res judicata* applies.

This court said in *Shorten* v. *Brotherhood of Railroad Trainmen,* 182 Ark. 646, 32 S. W. 2d 304, quoting from the syllabus: "Matters involved and litigated in a former suit, or which were necessarily within the issues and might have been litigated in the former suit, are *res judicata.*"

This rule or doctrine is also supported and controlled by the case of *Goswell Special School Dist. No. 6* v. *Bag-*

*gett,* 172 Ark. 681, 290 S. W. 577. It was said by this court in the case of *Jimmerson* v. *Fordyce Lumber Co.,* 119 Ark. 413, 178 S. W. 381, quoting from the syllabus, that: ''Parties to litigation must present all their defenses thereto, and they will be bound upon any issue which might have been adjudicated.''

Many other Arkansas cases might be cited to this effect, but we deem it unnecessary to do so.

The defendants in the foreclosure suit or the appellants here could and should have set up their defense in that suit. They failed to do so and are estopped and barred from setting it up at this time.

No error appearing, the decree is affirmed.

Opinion delivered November 11, 1940.