[No. 13567.   Department One. — January 12, 1892.]

## MINNIE LUCK, Appellant, *v.* WILLIAM LUCK, Respondent.

Husband and Wife — Custody of Minor Children — Divorce — Province of Trial Court. — Naturally and presumptively the mother is entitled to the custody and care of minor children of tender years; yet, where she brings an action against the father for a divorce on the ground of extreme cruelty, and for the custody and control of such children on the ground that the father is not a fit person to have the care, custody, or control of them, it is for the trial court to say, upon all the evidence, whether she is in fact more worthy of such a trust than the father.

Id. — Appeal — Waiver of Findings — Presumption as to Evidence. — Upon an appeal on the judgment roll alone from a judgment in favor of the husband, denying a divorce sued for by the wife, and giving him the custody and control of the minor children, where findings are waived, it will be presumed that the evidence was sufficient to warrant the court in finding that the husband was better qualified than the wife to care for the children.

Id. — DOMICILE OF FAMILY — RIGHTS OF HUSBAND AND FATHER. — The home of the husband is the legal domicile of the family, and if he is entitled to the custody of the children, he has the right to select any reasonable place where they shall abide with him.

Id. — POWER OF COURT — DIRECTING PLACE FOR CARE OF CHILDREN. — Where the court, in an action of divorce, awards to the husband the custody of the minor children, it is within the power of the court to direct that the children be cared for by the father where he resides, although the county of his residence is other than that in which the action was tried.

Id. — DISCRETION OF COURT — CONTROL OF CUSTODY OF CHILDREN. — An order giving to the husband the custody of minor children is in the discretion of the trial court, and may be at any time revoked or modified, when the circumstances render a change of custody for the best interests of all the parties.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*F. J. Kierce*, and *Wheaton, Kalloch & Kierce*, for Appellant.

*Chase & Chase*, for Respondent.

PATERSON, J. — This is an action for a divorce on the ground of extreme cruelty, and for the custody of two minor children on the ground that defendant is not a fit and proper person to have the care, custody, or control of them. The answer denied specifically the charges of cruelty and defendant's unfitness to care for the children, and alleged that the plaintiff abandoned defendant and took with her the children, without cause, and against his will and consent. Findings were waived, and judgment was entered in favor of the defendant, denying the prayer of the plaintiff, and giving to him the custody and control of the children.

As the case is before us on the judgment roll alone, we must presume that the evidence was of such a character as to warrant the court in finding that the defendant was better qualified than the plaintiff to care for the children. Naturally and presumptively the mother is entitled to the custody and care of minor children

of tender years; but it is for the trial court to say, upon all the evidence adduced at the trial, whether she is in fact more worthy of such a trust than the father.

It is claimed by appellant that the court below — the superior court of Alameda County — had no power, after it denied the plaintiff's application, to direct that the children be cared for by defendant at Martinez, which is in an adjoining county. There is no merit in this contention. " The husband is the head of the family. He may choose any reasonable place or mode of living, and the wife must conform thereto." (Civ. Code, sec. 155.) It appears that the husband lives at Martinez, and that the wife has no just or legal cause for not living with him nor for taking the children away. His home is the legal domicile of the family; and if he is entitled to the custody of the children at all, he has the right to name any reasonable place in which they shall abide with him. So long as the husband is satisfied with the decree, and is without fault, the wife cannot complain.

The order giving to defendant the custody of the children is one within the control and subject to the discretion of the court below. If circumstances occurring hereafter should render it desirable that the order should be revoked or modified, the learned judge who decided the controversy will no doubt act for the best interests of all the parties, and make the proper order with respect thereto.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.