## Horton v. Horton.

### Opinion delivered April 8, 1905.

HUSBAND AND WIFE—SEPARATION—CUSTODY AND SUPPORT OF CHILDREN.— Though a chancery court denies a divorce, it may recognize an existing separation by awarding custody of the infant children during one month to the husband and during the following month to the wife, and in such case may award the wife a monthly allowance for support and maintenance of the children.

Appeal from White Chancery Court.

JESSE C. HART, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Mrs. Horton brought suit against her husband for divorce, alimony and custody of the minor children. Horton denied all the material allegations of the complaint, and the issues were tried before the chancellor upon the evidence adduced by the respective parties. The chancellor found that Mrs. Horton failed to sustain her charges against her husband, and denied her the

divorce prayed. The chancellor further found that the parties were living separate, and appeared to be irreconcilable (the mother living with her grown son), and awarded Mrs. Horton $12 per month for support and maintenance of the children, and the custody of the children to be with the parents alternate months, provided such alteration was not to interfere with the elder child's school attendance. Mr. Horton appealed from this decree, and gave a supersedeas bond. Mrs. Horton filed a motion in this court, praying for the alternate custody of the children pending the hearing of the appeal and for the allowance named, and Mr. Horton responds to that motion that the chancery court was not authorized to make the allowance of $12 per month and provide for the separate custody of the children after it denied the divorce.

*S. Brundidge,* for appellant.

The allowance of alimony is a final judgment. 67 Cal. 185; Freeman, Judg. § 35. The order of the court touching the disposition of the children was error. 2 S. W. 554.

*J. W. Rachaels* and *J. W. & M. House,* for appellee.

An application for alimony *pendente lite* may be made by motion. 82 N. C. 348; 38 Ohio St. 558. A temporary order touching the custody of children will not be interfered with unless it clearly appears that there was an abuse of discretion. 53 Md. 513; 55 Ala. 428; 75 Ind. 542; 64 Ark. 521; 56 Mo. 329; 12 Cal. 421; 70 Pac. 473.

HILL, C. J. The position of the appellant is that there could not be a division of the family into two heads or two households, and that the denial of the divorce to the wife should have included a denial of her claim for alimony and custody of the children. Counsel treats the allowance of $12 per month as alimony; and if it be so deemed, then it is within the authority of the court, for an independent action for alimony, irrespective of divorce proceedings, may be sustained. *Wood* v. *Wood,* 54 Ark. 172. If treated as support for the children, it necessarily depends on the solution of the other question: Can a chancery court, when it

denies a divorce, award custody of the children of the parties to the suit?

This question has been answered negatively in New York and Georgia (*Davis* v. *Davis,* 75 N. Y. 221; *Keppel* v. *Keppel,* 17 S. E. Rep. 976), and affirmatively in other States. *Luck* v. *Luck,* 92 Cal. 653; *Cornelius* v. *Cornelius,* 31 Ala. 479; 2 Nelson on Marriage and Divorce, § 979; 2 Bishop on Marriage and Divorce, § 1185.

A learned writer on the subject of marriage and divorce points out that in those States holding that custody of children cannot be awarded, under the divorce statute, when the divorce is denied, the order could be made in habeas corpus proceedings; and that there is no reason why it should not be made in the divorce case when all the parties are before it, instead of remitting the parties to the other remedy. Nelson on Marriage and Divorce, § 979. This reasoning commends itself to the court. While it looks beyond the authority of the chancery court in divorce suits where no divorce is granted to award the custody of the children, yet it cannot be questioned that the chancellor of that court is invested with full power to award custody of minor children for their best interests on habeas corpus proceedings. It seems idle to turn parties out of court, and invite them into the chancellor's chambers for the same relief sought in court. There is no separation of the family here brought about by the court in making this order. The court merely recognized and found the facts existing, and then made an order for the well-being of the children, preserving the right of each parent to alternate custody and at all times to visitation. The motion has brought up the whole case for consideration; and as the only grounds upon which appellant appeals are those herein decided against him, and as he frankly admits the determination of the motion determines the appeal, instead of granting the motion and holding the case here longer, the cause is now determined, and stands affirmed.