IN THE MATTER OF BOYD BIGGERS AND LAWRENCE BIGGERS.

(Filed 30 October, 1946.)

**1. Habeas Corpus § 3—**

> The jurisdiction of the court in *habeas corpus* proceedings to determine the custody of children in a contest between husband and wife, living in a state of separation but not divorced, although statutory, G. S., 17-39, is equitable.

**2. Habeas Corpus § 9: Contempt of Court § 2b—**

> An order of the court awarding custody of minor children in *habeas corpus* proceedings, even though based upon consent of the parents, is not a mere affirmation of a civil contract, and perforce the court has jurisdiction to enforce such order by attachment for contempt.

APPEAL by petitioner from *Sink, J.,* at February Term, 1946, of CABARRUS.

Sometime in July, 1944, upon a hearing of a writ of *habeas corpus,* Honorable William H. Bobbitt, Judge Superior Court, presiding in the Fifteenth Judicial District, entered an order respecting the custody of Boyd Biggers and Lawrence Biggers, children of the petitioner in this proceeding, Annie Bost Biggers Bennick, and her husband, J. L. Biggers, who were then, and are now, living separate and apart. The order apportioned custody of the children between the father and mother and granted to the mother custody for a period of three months each year, specifying the period covering such custody, and assigning the children to the custody of the father at other times.

The petitioner, claiming that the respondent had refused to obey the order of the court with respect to yielding her the custody of the children for the designated period, or any part of it, and that she had repeatedly endeavored to obtain their custody but was prevented from so

doing by the respondent, sought to have the order enforced by having the respondent adjudged to be in contempt for his disobedience.

The respondent replied to the petitioner, denying that he had willfully disobeyed the order of the court, and averred that the children themselves declined to go with their mother.

During a part of this time the children had been carried beyond the jurisdiction of the court and it was alleged by the petitioner that this was in order that the judgment of the court might not be effectively carried out. Admitting that part of the time he had been beyond the jurisdiction of the court with the children, respondent alleged that it was in the regular course of his employment in the State of Florida and pointed out that the order of the court did not forbid him to go beyond its jurisdiction. The husband alleges that meantime he has obtained a divorce in the State of Florida.

Respondent further resisted the issue of any order based on contempt upon the ground that the judgment theretofore rendered by Bobbitt, J., was by consent of parties and could not be made the subject of such an order.

Upon the hearing, Judge Sink, being of opinion that the order of Bobbitt, J., derived its force and effectiveness from the consent of the parties and could not be enforced by holding the respondent in contempt for its disobedience, dismissed the petition. The petitioner appealed.

*E. Johnston Irvin* for petitioner.
*Hartsell & Hartsell* for respondent.

SEAWELL, J.   G. S., 17-39, provides that the custody of children may be determined in a contest between husband and wife, living in a state of separation but not divorced, upon writ of *habeas corpus* in which the contesting parties and the child or children are brought into the court for a hearing of the controversy. Such a proceeding is at Chambers, and notwithstanding the fact that it is statutory, the jurisdiction of the court in the premises is unquestionably equitable, has long been so regarded in practice, and that principle has not been questioned in this jurisdiction. The wide latitude given the court in investigating and determining the controversy and the definite personal nature of the orders necessary to be made, and the fact that the welfare and rights of infants are involved, would necessarily brand the jurisdiction as one of equity and not of law, and authorities so declare. *Re Badger,* 286 Mo., 139, 226 S. W., 936; 14 A. L. R., 286, Annotation 285, 308; *Hancock v. Dupree,* 100 Fla., 617, 129 So., 822.

When the jurisdiction is invoked, a judgment based on consent of parties in a proceeding of this kind is, therefore, not a mere affirmation of a civil contract. The order operates *ex proprio vigore legis,* carrying

with it the sanctions of the jurisdiction invoked. One of these sanctions is imprisonment for contempt of court—sometimes distinguished as civil contempt—for willful refusal to obey its order. Indeed, if this were not so the judgments of a court of equity, often intimately personal in their nature, would be mere fulminations. The judgment is reversed and the case remanded for proceeding in accordance with this opinion. See *Dyer v. Dyer,* 212 N. C., 620, 194 S. E., 278; *Dyer v. Dyer,* 213 N. C., 634, 197 S. E., 157; *Vaughan v. Vaughan,* 213 N. C., 189, 195 S. E., 351; *Vaughan v. Vaughan,* 211 N. C., 554, 190 S. E., 492, in which similar principles as touching the jurisdiction and its incidents are applied to judgments based on consent of parties.

For these reasons the judgment of the court below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.