ADAMS *v.* ADAMS.

5-579                                   274 S. W. 2d 771

Opinion delivered January 31, 1955.

*Van Chapman* and *Sam Rorex,* for appellant.

*Yingling & Yingling,* for appellee.

J. SEABORN HOLT, J.   December 21, 1953, appellant sued her husband for divorce, maintenance and for the care and custody of their two children, Sammy, 5 years of age, and Kathryn, 4.  Appellee, Sam Adams, answered with a general denial and asked that the care and custody of the children be awarded to him.

Upon a trial, April 2, 1954, the court denied appellant a divorce, dismissed her complaint, but divided the custody of the children, the decree reciting: "This cause is submitted to the court for the consideration and decree upon the complaint of the plaintiff, the answer of the defendant, and the oral testimony of both the plaintiff and the defendant and other witnesses called by them taken in open court, from all of which the court finds that it has jurisdiction of the parties hereto and this cause of action and that the complaint of the plaintiff should be dismissed.

"* * * and decreed that the complaint of the plaintiff, Veda Adams, be and the same is hereby dismissed for want of equity, and that the custody of the infant children of the parties hereto, Sammy and Kathryn, be the same is hereby awarded as follows: To the plaintiff, Veda Adams, until June 1, 1954, and thereafter to defendant and plaintiff for alternate periods of three months each, the defendant, Sam Adams, to have their custody for the first such period beginning June 1, 1954; and that each of the parties hereto shall pay their respective costs herein."

For reversal, appellant contends that: "The court erred in awarding custody of the children to appellant and appellee for alternate periods of three months each."

In this case, the record before us contains only the complaint, answer and decree.   None of the testimony referred to in the decree appears in the record.

Appellant so concedes, but says: "The matter here in issue can be determined on the pleadings and the decree with nothing more. Can the court under any statement of facts divide the custody of the children as it has attempted to do in this case?"

In other words, appellant argues that in the circumstances here, as a matter of law, the court, after having denied appellant a divorce, was without authority to divide the custody of these children. We do not agree.

We held, in effect, against this contention of appellant in *Horton* v. *Horton,* 75 Ark. 22, (Headnote) 86 S. W. 824: "Though a chancery court denies a divorce, it may recognize an existing separation by awarding custody of the infant children during one month to the husband and during the following month to the wife, and in such case may award the wife a monthly allowance for support and maintenance of the children," and in the body of the opinion, we said:

"A learned writer on the subject of marriage and divorce points out that in those States holding that custody of children cannot be awarded, under the divorce statute, when the divorce is denied, the order could be made in *habeas corpus* proceedings; and that there is no reason why it should not be made in the divorce case when all the parties are before it, instead of remitting the parties to the other remedy. Nelson on Marriage and Divorce, § 979. This reasoning commends itself to the court. While it looks beyond the authority of the chancery court in divorce suits where no divorce is granted to award the custody of the children, yet it cannot be questioned that the chancellor of that court is invested with full power to award custody of minor children for their best interests on *habeas corpus* proceedings. It seems idle to turn parties out of court, and invite them into the chancellor's chambers for the same relief sought in court." See also, 113 A. L. R., page 902, wherein this case of *Horton* v. *Horton* is cited among those from other states in support of this rule.

Our rule also that the Chancellor must be permitted a broad discretion in awarding custody of children, and in so doing that their welfare is of primary importance and consideration, is too well established to require citation of authority.

Decree affirmed.