Rockingham,
No. 4739.

JAMES W. WALKER, JR.

*v.*

KATHLEEN M. WALKER VAN DER HAAS.

Argued June 3, 1959.

Decided June 30, 1959.

*Sleeper & Mullavey* and *Edward E. Williams* (*Mr. Williams* orally), for the plaintiff.

*Shaines & Brown* (*Mr. Shaines* orally), for the defendant.

KENISON, C. J.   The extent to which custody orders of minor children in divorce decrees in one state are entitled to full faith and credit under the United States Constitution, Article IV, Section 1, as implemented by 28 U. S. C. A., s. 1738, in another state is a question attended with uncertainty and somewhat at large.   There are different rationales and recommended solutions without any uniform basis for decision as can be seen from the principal and concurring opinions in *New York ex rel Halvey* v. *Halvey,* 330 U. S. 610, and the principal, concurring and dissenting opinions in *May* v. *Anderson,* 345 U. S. 528.   See Hazard, May v. Anderson: Preamble to Family Law Chaos, 45 Va. L. Rev. 379 (1959); Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich. L. Rev. 345 (1953); Note, 56 Col. L. Rev. 630 (1956).   "The United States Supreme Court decision in *Kovacs* v. *Brewer* [356 U. S. 604 (1957) ] does little to clarify the uncertainties which characterize the problem of successive custody awards in different states . . .   As the case was left, each opinion inferred, without deciding, that in some circumstances a custody decree may be entitled to full faith and credit elsewhere.   The rest is left to the future."   Leflar, Conflict of Laws, 1958 Annual Survey of American Law, as reported in 34 N. Y. U. L. Rev. 47, 48 (1959).

Whatever rule may emerge as the definitive one in determining successive custody awards in different states, we are not required to predict it or delineate it in broad strokes for the purpose of deciding the present custody dispute.   See Comment, Full Faith and Credit:   Extraterritorial Effect of Custody Decrees, 13 U. Miami L. Rev. 101 (1958); anno. 9 A. L. R. (2d) 434.

For the reasons hereinafter stated, we are of the opinion that under the facts and circumstances of the present case, the Trial

Court was in error in entering a decree in favor of the plaintiff on the sole basis of according full faith and credit to the Massachusetts custody decree.

The *ex parte* decree awarding custody to the father without notice or hearing to the mother is not binding on the courts of this jurisdiction. The custody of the children resident here was to be determined by the laws of this state. *Hanrahan* v. *Sears*, 72 N. H. 71, 72; *Brown* v. *Jewell*, 86 N. H. 190. The primary consideration is the present and prospective welfare of the children. *Sheehy* v. *Sheehy*, 88 N. H. 223. The record does not indicate that these matters were considered by the Court in arriving at its decision.

Treating the present petition as one in the nature of a petition for habeas corpus, the Superior Court has authority to issue appropriate temporary orders pertaining to the custody of these children. *Sheehy* v. *Sheehy, supra.*

*Remanded.*

All concurred.