## C. H. BUNN v. MARJORIE D. BUNN.

(Filed 11 January 1963.)

**Divorce and Alimony § 22;  Habeas Corpus § 3—**

Where both the husband's suit for divorce from bed and board, G.S. 50-7, and the wife's cross action for alimony without divorce, G.S. 50-16, put in issue the right to the custody and support of the minor son of the marriage, and both the action and cross action are properly dismissed upon the verdict of the jury, the court in its equity jurisdiction may proceed to hear evidence and determine the question of custody and support of the child, and need not remit the parties to proceedings in *habeas corpus.* G.S. 17-39.1.

APPEAL by plaintiff from *Clark (Edward B.), S.J.,* April 1962 Term of DURHAM.

Suit for divorce from bed and board and for a determination of the proper custody of a thirteen-year-old son born of the marriage between the parties. G.S. 50-7.

Defendant in her answer denied the material allegations of the complaint, asked for the custody of their son, and set up a cross action praying for reasonable subsistence for herself and their son and counsel fees. G.S. 50-16.

On 21 October 1959, Judge C. W. Hall presiding over the superior court of Durham County entered an order awarding defendant subsistence for support of herself and their son and counsel fees *pendente lite.* For subsistence for defendant and the son of the parties Judge Hall decreed that defendant shall have the exclusive use and posses-

sion of the house in which she is now living located at 1613 Bunn Terrace, that plaintiff shall pay all reasonable expenses, including utilities, for the upkeep of the house, and shall pay into the office of the Durham County Welfare Department for the use and benefit of defendant and their minor son the sum of $25.00 per week. Judge Hall found as a fact that it is for the best interests of the son of the parties that he remain in the custody of defendant pending the final determination of the suit, and awarded her his custody, but provided for reasonable hours and times of visitation by plaintiff. Plaintiff did not object to Judge Hall's order, and did not appeal therefrom.

When the suit came on to be heard before Judge Clark at the April 1962 Term, the following issues were submitted to the jury and answered as indicated:

"1. Were the plaintiff and the defendant lawfully married as alleged in the complaint?

"Answer: Yes.

"2. Has the plaintiff or the defendant been a bona fide resident of the State of North Carolina for six months next preceding the bringing of this action?

"Answer: Yes.

"3. Has the defendant without adequate provocation offered such indignities to the person of the plaintiff as to render his condition intolerable and life burdensome, as alleged in the complaint?

"Answer: No.

"4. Has the plaintiff without adequate provocation offered such indignities to the person of the defendant as to render her condition intolerable and life burdensome, as alleged in the Answer?

"Answer: No.

"5. Has the plaintiff separated himself from his wife and failed to provide her and the child of the marriage with necessary subsistence according to his means and condition in life?

"Answer: No."

After the jury's verdict was returned, Judge Clark entered into a hearing in respect to the custody and support of the son of the parties, who then was sixteen years of age.

Judge Clark entered judgment dismissing plaintiff's action and defendant's cross action for alimony without divorce, granting custody of the son of the parties to defendant, with rights of visitation by plaintiff, decreeing plaintiff shall pay into the office of the Durham County Welfare Department $25.00 a week for the support of his minor son, and his son and defendant shall have the use and possession of the dwelling

house at 1613 Bunn Terrace, and plaintiff shall pay all reasonable expenses, including utilities, connected with the maintenance of the dwelling house, and shall pay defendant's counsel a substantial fee.

From the judgment, plaintiff appeals.

*Wade H. Penny, Jr. for plaintiff appellant.*
*Bryant, Lipton, Bryant & Battle by F. Gordon Battle and Alfred S. Bryant for defendant appellee.*

PARKER, J.    Plaintiff has one assignment of error: "Based on the issues submitted to and as found by the jury, the judgment signed and entered by the court in this cause is in error." Plaintiff states in his brief: "The plaintiff appellant's exception to the judgment is limited to that portion of the judgment which awards custody of the minor child of the marriage to defendant appellee, and decrees that the plaintiff make certain support and maintenance payments for said minor child." The record contains none of the evidence presented at the trial and at the hearing before Judge Clark.

Plaintiff's contention is that when Judge Clark in his judgment, in accordance with the verdict, dismissed plaintiff's suit and defendant's cross action, he was without jurisdiction to enter that portion of the judgment awarding the custody of the minor son of the parties and requiring subsistence to be furnished by plaintiff for his benefit, and that portion of his judgment is null and void. That under the law of this State when the parents of a minor child are living separate and apart, as shown by the pleadings here, the proper procedure for determining custody of a child, except as now provided by G.S. 50-16, is by a proceeding in the nature of a writ of habeas corpus pursuant to G.S. 17-39. In support of this contention he cites *In re McCormick,* 240 N.C. 468, 82 S.E. 2d 406.

G.S. 50-13 provides: "After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper* * *."

Therefore, when the plaintiff instituted his action for divorce from bed and board in the superior court of Durham County, in which he specifically prayed "that the court determine the proper custody for the aforesaid minor child of the plaintiff and defendant," that court became vested in his suit with exclusive jurisdiction to enter orders respecting the care, custody and maintenance of this child. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879.

Defendant in her answer prayed that the custody of their son be granted her, and that an order be entered requiring plaintiff to provide for him reasonable subsistence.

G.S. 50-16, as amended, gives a wife the right to set up an action for subsistence without divorce "as a cross action in any suit for divorce, either absolute or from bed and board." This the defendant did here. This statute further provides: "The court may enter orders in a proceeding under this section relating to the support and maintenance of the children of the plaintiff and the defendant in the same manner as such orders are entered by the court in an action for divorce, irrespective of what may be the rights of the wife and the husband as between themselves in such proceeding."

This Court held in *In re McCormick* (1954), *supra*, G.S. 17-39 provides a proceeding in the nature of habeas corpus by which a controversy respecting the custody of minor children may be determined as between husband and wife, living in a state of separation without divorce.

In the case of *In re Biggers*, 226 N.C. 647, 39 S.E. 2d 805, the Court after stating the provisions of G.S. 17-39 said:

"Such a proceeding is at Chambers, and notwithstanding the fact that it is statutory, the jurisdiction of the court in the premises is unquestionably equitable, has long been so regarded in practice, and that principle has not been questioned in this jurisdiction."

G.S. 17-39.1 (enacted in 1957) provides:

"* * *any superior court judge having authority to determine matters in chambers in the district may, in his discretion, issue a writ of habeas corpus requiring that the body of any minor child whose custody is in dispute be brought before him or any other qualified judge. Upon the return of said writ the judge may award the charge or custody of the child to such person, organization, agency or institution for such time, under such regulations and restrictions, and with such provisions and directions, as will, in the opinion of the judge, best promote the interest and welfare of said child."

By virtue of G.S. 17-39.1, "The marital status of parents is not now a factor in determining the procedure to obtain custody of a child." *Cleeland v. Cleeland*, 249 N.C. 16, 105 S.E. 2d 114.

It seems perfectly clear that Judge Clark, by the express provisions of G.S. 17-39.1, had jurisdiction and power, after the return of the verdict in the instant case, to determine matters relating to the custody and support of the minor son of the parties here by issuing a writ of habeas corpus, apart from his jurisdiction of the divorce suit, so that

custody and maintenance of such child is and was more than a mere incident of the divorce proceedings.

In the case of *Horton v. Horton*, 75 Ark. 22, 86 S.W. 824, 5 Ann. Cas. 91, the petition for divorce also asked the custody and support of the children. There was no cross petition. The divorce was denied, but custody of the children was granted to plaintiff, and an order for the support of the children was made. The court asked: "Can a chancery court, when it denies a divorce, award custody of the children of the parties to the suit?" In answering the question in the affirmative, the Court said:

> "This question has been answered negatively in New York and Georgia (*Davis v. Davis*, 75 N.Y. 221; *Keppel v. Keppel* [Ga.] 17 S.E. 976), and affirmatively in other states (*Luck v. Luck*, 92 Cal. 653, 28 Pac. 787; *Cornelius v. Cornelius*, 31 Ala. 479; 2 Nelson on Marriage and Divorce, § 979; 2 Bishop on Marriage and Divorce, § 1185). A learned writer on the subject of marriage and divorce points out that in those States holding that custody of children cannot be awarded, under the divorce statute, when the divorce is denied, on habeas corpus proceedings the order could be made, and that there is no reason why it should not be made in the divorce case when all the parties are before it, instead of remitting the parties to the other remedy. Nelson on Marriage and Divorce, § 979. This reasoning commends itself to the court. While it looks beyond the authority of the chancery court in divorce suits where no divorce is granted to award the custody of the children, yet it cannot be questioned that the chancellor of that court is invested with full power to award custody of minor children for their best interests on habeas corpus proceedings. It seems idle to turn parties out of court and invite them into the chancellor's chambers for the same relief sought in court. There is no separation of the family here brought about by the court in making this order. The court merely recognized and found the facts existing, and then made an order for the well-being of the children, preserving the right of each parent to alternate custody and at all times to visitation."

The Arkansas Supreme Court quoted from its decision in the *Horton* case *in extenso*, and followed it in *Adams v. Adams*, 224 Ark. 550, 274 S.W. 2d 771.

The *Horton* case has been cited with approval in *Mollring v. Mollring*, 184 Iowa 464, 167 N.W. 524; *Jacobs v. Jacobs*, 136 Minn. 190, 161 N.W. 525, L.R.A. 1917D, 971; *In re Badger*, 286 Mo. 139, 226

S.W. 936, 14 A.L.R. 286, where many cases of like import are cited; and in *Urbach v. Urbach,* 52 Wyo. 207, 73 P. 2d 953, 113 A.L.R. 889.

In the case of *Power v. Power,* 65 N.J. Eq. 93, 97, 55 A. 111, 113, Vice-Chancellor Pitney, subsequently a member of the Supreme Court of the United States, stated: "I said at the hearing, and I am still of the opinion, notwithstanding what has been argued with so much power . . . that it was competent for this court in the wife's suit to have awarded to her the custody of that child . . . and refused her the decree for divorce. I see no incongruity whatever between the two results in such a case, where a husband and wife are living separately, for one of them to sue the other for divorce, and also for the custody of the children, and to fail to get the divorce and to recover the children in that petition."

*Stetson v. Stetson,* 103 N.H. 290, 171 A. 2d 28, was a proceeding on libel for divorce. The superior court approved master's recommendation that motion to dismiss libel be granted, but that case be continued for hearing on petition for custody and support of minor children born of the marriage. The Court quoted RSA 458:35: "Support of Children. In cases where husband and wife are living apart the court, upon petition of either party, may make such order as to the custody and maintenance of the children as justice may require; and all appropriate provisions of this chapter shall apply to such proceedings." In its opinion the Court said:

> "In the present case it is clear that the wife was a resident of this state, that she is living apart from her husband, that the children are within the jurisdiction of this state and under RSA 458:35 the court has authority to make orders for custody and support of the children even though the divorce is denied or the proceedings temporarily halted. Annotation 151 A.L.R. 1380; 2 Nelson, Divorce and Annulment (2d ed. 1960 supp.) s. 14.35, p. 220. See *Walker v. Van Der Haas,* 102 N.H. 166, 169, 152 A. 2d 612."

> "In 27B C.J.S., Divorce, sec. 307, it is said:

> Where the divorce court, whether by express statute or through its inherent equitable powers, has the power to determine matters relating to the custody or support of children apart from its jurisdiction of the divorce suit, so that custody or maintenance of the children of the marriage is more than a mere incident to the divorce proceedings, the court, although it denies a divorce, may make such provision as it deems necessary for the custody and

maintenance of the children, and may, pursuant to such power, retain the cause on the docket for future action with respect to their custody and support.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"On the other hand, where an award of custody is incidental to the divorce proceedings, the court, on denying a divorce, may make no provision for the custody or support of the children, unless the case is within a statute permitting custody to be awarded if the facts warrant the granting of a divorce, or there are special circumstances; and the attempt of the court to reserve jurisdiction as to the custody and maintenance of the children, while denying the petition for divorce, although not dismissing it, is ineffective to give the court such jurisdiction."

Many cases are cited in the notes which support the text.

In 17A Am. Jur., Divorce and Separation, sec. 827, it is said:

"A question which frequently arises is whether the divorce court has jurisdiction to award the custody of children where neither party is granted a decree of divorce. The authorities upon this question are not in accord. In some jurisdictions the view is taken that court of equity, though denying a divorce, may nevertheless make an order awarding the custody of children to one of the spouses, and that, having jurisdiction of the parties in the divorce proceeding, the court, in doing so, need not remit the parties to other proceedings. In other jurisdictions the power of the court to award the custody of the children in divorce proceedings is regarded as solely dependent upon the statutes, and such relief is regarded as entirely incident to the main relief sought and dependent alone upon the divorce proceedings. Under this rule, where a divorce is denied, the court is without authority to award the children to either party, unless the power exists by virtue of statutes expressly conferring it."

Many cases and annotations from A.L.R., L.R.A., and Annotated Cases are cited in support of the text.

The diversity of opinion as to the power of a court which denies a divorce to award custody and maintenance of a minor child born of the marriage is set forth in an elaborate and scholarly opinion in *Urbach v. Urbach, supra;* and in Annotations in 113 A.L.R. 901 *et seq.,* and in 151 A.L.R. 1380; and in 2 Nelson, Divorce and Annulment, 2d ed., 1961 Revised Volume, sec. 15.34. In the *Urbach* case the Court held, as set forth in the first headnote in 113 A.L.R. 889:

"1. A court which has the powers of a court of equity to determine the custody of a minor, and statutory jurisdiction to entertain a proceeding by a wife to compel her husband to support their minor child and to grant such order therein as might be granted in a divorce suit, may make a decree in regard to the custody and support of a child of the marriage in a divorce suit in which a divorce has been refused."

In its opinion the Court said:

"If the pleadings are sufficient to sustain the judgment—as they should be: see 33 C.J. 1139 and 34 C.J. 153—and the parties have litigated the points, then no good reason is perceived why they should be turned out of court merely to commence another proceeding, and thus relitigate the matter."

The question of the custody and support of the minor son born of the marriage between the parties was put at issue by the pleadings here. After the verdict was returned, Judge Clark, without any objection by the parties, entered into a hearing in respect to the custody and support of the minor son born of the marriage between the parties. According to admissions in the pleadings, both plaintiff and defendant are residents of North Carolina and their minor son is a resident of North Carolina and is within the jurisdiction of the court. We can perceive of no reason why Judge Clark, after the return of the verdict, should have turned the parties here out of court on the question of custody and support of their minor son, and then brought them back on a writ of habeas corpus by virtue of G.S. 17-39.1 to relitigate the matter. It is our opinion, and we so hold, that after plaintiff's suit for divorce from bed and board and defendant's cross action for alimony without divorce had both been denied, Judge Clark had jurisdiction and power to enter the challenged portion of the judgment awarding custody of the minor son of the parties to defendant and providing for his maintenance and support.

Plaintiff makes no contention that the amount decreed for the support and maintenance of his minor child is excessive or not reasonable. The record contains none of the evidence heard by Judge Clark. The amount decreed is identical with the amount awarded by Judge Hall in October 1959 for subsistence of defendant and the child *pendente lite.* According to the record, plaintiff did not object to Judge Hall's order, and it would seem he complied with it: at least there is nothing in the record to the contrary. Plaintiff does not contend in his brief that the use and possession of the dwelling house located at 1613 Bunn Terrace by defendant and the child is a provision for the wife's

support. It would seem that the defendant's use and possession of this house is primarily for the benefit of the minor of the parties.

Plaintiff's assignment of error is overruled, and the judgment below is

Affirmed.