GIBSON *v.* SPIKES.

Opinion delivered April 5, 1920.

1. CONSTITUTIONAL LAW—ADMISSIONS OF PARTIES.—In determining the constitutionality of statutes, courts can not act upon admissions, proof or allegations made by the parties.

2. STATUTES—NOTICE OF SPECIAL ACT.—Objection that notice of intention to apply for the passage of a special act was not sufficiently definite and certain to apprise persons interested of the purpose of the act can not be raised in the courts, since the question of its sufficiency as to form and proof of its publication were matters addressed solely to the Legislature.

3.  HIGHWAYS—ACT VALIDATING ASSESSMENT.—Special act of February 4, 1920, validating assessments by commissioners of road district created by Road Laws, 1919, page 1752, *held* not unconstitutional, as the Legislature could have levied the assessment in the first instance, subject only to the landowner's right to have an arbitrary abuse of such power reviewed by the court.

4.  PUBLIC LANDS—CURATIVE ACT.—General Acts, 1919, page 174, confirming sale of land formerly owned by the State and purchased and paid for in Arkansas levee bonds, *held* valid.

Appeal from Lawrence Chancery Court; *Lyman F. Reeder, Chancellor;* affirmed.

STATEMENT OF FACTS.

The Walnut Ridge-Alicia Road Improvement District was created by Act No. 426, passed by the General Assembly of the State of Arkansas for the year 1919. See Road Acts of 1919, vol. 2, p. 1752. The general purpose of the act was to improve the public highway from the line between Jackson and Lawrence counties near Alicia to Walnut Ridge in Lawrence County, Arkansas. The bill makes detailed provisions for the construction of the improvement and a levying of assessments to pay for the same. The third extra session of the General Assembly of the State of Arkansas for the year 1919, passed act No. 43, which was approved February 4, 1920, and which had for its object the validating of the assessments of the road district created under act No. 426, above referred to, curing other alleged defects in the first mentioned bill and amending it in certain particulars.

Appellant filed a suit in the chancery court attacking the formation of the road district and the further proceeding by the commissioners under Act 43, approved February 4, 1920, on the ground that said act is unconstitutional and void. The chancery court upheld the constitutionality of the act and the validity of the proceedings of the commissioners of the road district under it. A decree was therefore entered dismissing the complaint of appellant for want of equity. The case is here on appeal.

*Ira J. Pickens,* for appellant.

1. The act is special or local and is unconstitutional because of violation of article 5, section 25, Constitution.

2. It attempts to confer corporate powers contrary to article 12, section 2, Constitution.

3. No notice of the intention to apply for the passage of the special act was given as provided for by law.

4. It undertakes to levy assessments on property within incorporated towns without the consent of a majority of the voters contrary to article 19, section 27, Constitution.

5. It attempts to deprive petitioner of a hearing as to the justness and equality of the assessment for benefits. Art. 2, § 21, Constitution.

6. The improvement will not benefit petitioner, and the bill was not read at length on three different days, as prescribed by the Constitution, and cuts off the right of appeal of property owners. 216 S. W. 500; 6 R. C. L., § 163; 172 U. S. 269; 81 Ark. 561; 83 *Id.* 344.

*Smith & Gibson,* for appellees; *Ponder & Gibson,* of counsel.

1. The act is not unconstitutional and void for any of the reasons assigned by appellant. 216 S. W. 500; 193 *Id.* 74. The notice was sufficient and the act was constitutionally passed. 6 R. C. L., §§ 152, 311; 43 Ark. 420; 112 *Id.* 357; 58 *Id.* 117.

2. The Legislature is supreme and may exercise its powers in the matter of taxing or special improvement districts. The legislative determination of benefits is conclusive. 81 Ark. 562; 72 *Id.* 119; 70 *Id.* 451; 125 U. S. 345; 149 *Id.* 30; 170 *Id.* 45; 181 *Id.* 324; 107 Ark. 285; 83 *Id.* 344; *Ib.* 54; 112 *Id.* 357; 116 *Id.* 167; 212 S. W. 90; 100 Ark. 366. If part of an act is unconstitutional, that part should be omitted and the constitutional parts sustained if separable. 6 R. C. L., § 121 *et seq.;* 214 S. W. 50; 213 *Id.* 755; 212 *Id.* 77.

HART, J. (after stating the facts). The complaint alleges that the assessment of benefits in this road district was filed with the clerk of the county court on January 24, 1920; that act 43 was introduced in the house of the Arkansas General Assembly on January 27, 1920; that it passed the House on January 28, 1920, and was duly passed in the Senate on January 30, 1920, and approved by the Governor on February 4, 1920; that the notice of the intention to apply for the passage of act 43, which was a special act, was not published and exhibited in the General Assembly as required by section 26, article 5, of the Constitution; that the notice is not sufficiently definite and certain to apprise the property owner or person interested of the purpose of the act.

Counsel rely upon the case of *Booe* v. *Road Imp. Dist. No. 4, Prairie County,* 141 Ark. 140, to sustain their contention that the constitutional mandate with regard to giving notice of the intention to apply for the passage of Special Act 43 was not given.

In the first place, it is insisted that the notice could not have been given as required by the Constitution, because the complaint alleges that the assessment of benefits was filed on January 24, 1920, and the act was introduced in the General Assembly on January 27, 1920; and that section 7 confirms the assessment of benefits. Hence they contend the notice of the intention to apply for the passage of the act could not have been given thirty days as required by the Constitution. As pointed out in the opinion in the Booe case, courts can not act upon admissions, proof, or allegations, made by the parties in determining the constitutionality of statutes. If this were so, laws could be made or abrogated by the allegations of the pleadings, by agreement of the parties or by proof made during the trial.

It was also held in that case that when the notice required by the Constitution was given, the question of its sufficiency as to form and the proof of its publication were matters which were addressed to the Legislature and which could not be reviewed by the courts. Such is

the holding of all our cases on this phase of the case since the decision in the case of *Davis* v. *Gaines*, 48 Ark. 370.

It is next insisted that the Legislature had no power to validate and confirm the assessments which had theretofore been made by the commissioners. Unless the assessment was arbitrary, the Legislature had the power to confirm and validate it. The Legislature had the power in the first instance to have levied the assessment subject only to the right of the land owner to have an arbitrary abuse of that power reviewed by the courts, and it can therefore adopt as correct the assessment made by the commissioners as a reassessment by the Legislature. *Coffman* v. *St. Francis Drainage District*, 83 Ark. 54 and *Davies* v. *Chicot County Drainage Dist.*, 112 Ark. 357.

There is nothing in the record in the present case to show that the assessment of benefits made by the commissioners which was validated and confirmed by the special act in question was arbitrary or confiscatory and therefore amounted to a taking of the land owner's property without due process of law.

It is also contended that the approval of the plans of the commissioners by the county court was jurisdictional and that the Legislature had no power in Special Act No. 43 to approve the plans theretofore made by the commissioners. The writer agrees with counsel for appellant that the action of the Legislature in this regard was unconstitutional as being in violation of article 7, section 28, of the Constitution giving county courts exclusive original jurisdiction in all matters relating to roads. This court, however, after mature deliberation, has decided that it is not necessary for the plans of an improvement district to be approved by the county court, and there is no use in threshing over old straw.

In the case of *Easley* v. *Patterson*, 142 Ark. 52, the court said: "This statute does not, however, contain any provision that the plan for the improvement must be submitted to and approved by the county court, and it is contended that this constitutes an invasion of the county court's jurisdiction. We have never had that

question before us for decision, and now for the first time the question is squarely presented whether or not an improvement district created by statute can be authorized to make improvements on public highways without obtaining the approval of the county court. Our conclusion is that the authority to improve a public highway does not invade the jurisdiction of the county court. The road is a public highway, but the improvement is for the betterment of the contiguous lands. The improvement of the road does not in any sense constitute an interference with the general control of the county court over public highways. The authority of the board of commissioners is to bring about a betterment of the highway and not a detriment. The authority of each body, that is to say, the board of commissioners and the county court, may be exercised without hindrance to the other. This is illustrated by the decision of this court in the case of *Pulaski Gas Light Co.* v. *Remmel,* 97 Ark. 318, where we held that there was no conflict between the authority of a board of improvement to pave a street and the general authority of the city council over the streets of a municipality. Wherever the powers conflict, that of the board of commissioners must yield to the jurisdiction of the county court, but, as before stated, there arises no necessary conflict from the authority of the commissioners to improve the road. It is suggested that the county court after the completion of the improvement might exercise its jurisdiction over the road and destroy it. This may be true, but it is not to be presumed that a county court would abuse its power, and if it should attempt to do so, remedies are available to prevent it. The county court in the exercise of its power is subject to legislative restrictions, and remedies may be and are afforded for appeals from judgments of the county courts abusing their power.''

It follows that the decree must be affirmed.