### CONLEE *v.* MILLER.

### Opinion delivered May 10, 1920.

1. HIGHWAYS—MAINTENANCE DISTRICT.—The organization of an improvement district for the purpose of maintaining and keeping a public highway in repair does not constitute an invasion of the jurisdiction of the county court.

2. STATUTES—SPECIAL STATUTE—NOTICE.—Special acts 1920, No. 63, approved February 6, 1920, validating assessments of benefits in a certain road improvement district, will not be held invalid on the ground that thirty days' notice could not have been given to apply for passage of an act curing such assessments, the assessment rolls not being filed with the county clerk thirty days prior to the approval of the act, as the General Assembly might have found that the assessments were completed some time before they were filed.

Appeal from Yell Chancery Court, Dardanelle District; *Jordan Sellers,* Chancellor; affirmed.

*Reid, Burrow & McDonnell,* for appellant.

SMITH, J. The two cases herein consolidated involved attacks on the constitutionality of Act No. 244, passed by the Legislature of 1919, creating the Dardanelle Road Improvement District of Yell County, and the suits also attack the constitutionality of Act No. 63 of the special session of 1920, validating the assessment of benefits in said district.

Appellants candidly concede that the points involved in the attack upon Act 244 have, since the institution of the litigation, been involved in other litigation and decided adversely to their contentions here; but say that these questions have been considered at such recent date and are of such paramount importance that the attention and consideration of the court is asked before these questions are finally foreclosed.

The chief insistence is that the organization of an improvement district for the purpose of maintaining and keeping a public highway in repair constitutes an invasion of the jurisdiction of the county court. But that question was disposed of in the recent case of *Dickinson* v. *Reeder,* 143 Ark. 228, adversely to appellant's contention.

It is insisted that Act No. 63, passed at the special 1920 session and approved by the Governor on February 6, 1920, is void, for the reason that thirty days' notice could not have been given of the intention to apply for the passage of an act curing these assessments, for the reason that the assessment rolls were not filed with the county clerk of Yell County until January 26, 1920, which is less than thirty days prior to the approval of the curative act by the Governor.

But this showing is not conclusive of the question of notice. The General Assembly might have found, for instance, that the assessments were completed some time before they were filed, and since the decision in the case of *Davis* v. *Gaines,* 48 Ark. 370, it has been uniformly held that all questions relating to the sufficiency and form of notice, and proof of publication of notice, in regard to special bills, were matters which were addressed to the Legislature, and which could not be reviewed by the courts. *Gibson* v. *Spikes,* 143 Ark. 270.

No error appearing in the finding or decree of the court below, the decree is in each case affirmed.

HART, J., not participating.