NETERER *v.* DICKINSON & WATKINS.

Opinion delivered April 3, 1922.

1. HIGHWAYS—ROAD IMPROVEMENT DISTRICT—EXCLUSION OF LANDS.— No. 426 Road Acts 1919, creating a road improvement district, was not rendered invalid by exclusion from the district of certain tracts which jut into the area included, but which do not necessarily intervene between included tract and the improved roads, especially where the statute authorized the taxation of omitted lands, if subsequently found to be benefited.

2. HIGHWAYS—ROAD DISTRICT—ABANDONMENT—LEVY OF EXPENSES.— In a suit against a road district, upon abandonment of the improvement, to establish and enforce claims for services performed by plaintiffs, where the act under which the district was created (Road Acts 1919, No. 426, § 30) provided that the amount necessary to pay for the preliminary work should be levied on the real property of the district in proportion to the county assessment, it was error to direct that the claims should be paid out of funds raised by taxation of benefits assessed.

3.  HIGHWAYS—ABANDONED ROAD DISTRICT—EXPENSES.—Authority to impose taxes to pay the preliminary expenses of an abandoned road improvement district must be found in the statute creating the district.

4.  HIGHWAYS—ABANDONED ROAD IMPROVEMENT DISTRICT—ASSESSMENT OF EXPENSES.—Road Acts 1919, No. 426, § 30, providing that, if the road improvement therein authorized shall not be made, the preliminary expenses shall be paid by a tax on the real property in the district in proportion to the county assessment, is valid as a legislative determination that there are anticipated benefits to the extent of the preliminary expenses appointed according to assessments for county purposes.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; reversed in part.

*W. A. Cunningham,* for appellant.

The act creating the district was void because the boundaries were arbitrarily formed, without regard to any benefits to be derived. 130 Ark. 170; 139 Ark. 574; 145 Ark. 49. Hence no liability could be based upon its attempted formation.

The assessment of betterments and the attempted confirmation by the Legislature is void because arbitrary and confiscatory. 48 Ark. 370.

Section 30 of the special act providing for the payment of preliminary expenses upon an *ad valorem* basis is unconstitutional and void. The only basis for such an assessment is the benefit derived, or which would have been derived had the improvement been made. 50 Ark. 129; 89 Ark. 573; 96 Ark. 416; 98 Ark. 549; 118 Ark. 303. If, however, an assessment for preliminary expenses is authorized, the statute must be strictly construed (59 Ark. 356; 71 Ark. 561; 79 Ark. 521) ; and the basis adopted by the court was wrong.

*A. S. Irby,* for appellee.

The district was in all respects valid, and so held in 143 Ark. 270.

A legislative determination of the boundaries of a district will not be overturned unless shown to be arbi-

trary and unreasonable (147 Ark. 449; 147 Ark. 312; 139 Ark. 524), and may even include lands which had therefore been excluded by the county court on the ground that they received no benefits.    216 S. W. 1047; 217 S. W. 258; 130 Ark. 70; 139 S. W. 574.

The action of the court in making the levy on the assessment of benefits which had been confirmed, rather than on the *ad valorem* basis contended for by appellant, was correct.    143 Ark. 270; 113 Ark. 364; 107 Ark. 285; 166 S. W. 170; 112 Ark. 357; 83 Ark. 54; 97 Ark. 322; 86 Ark. 1.

The assessment of benefits is not now subject to attack.    143 Ark. 270; 145 Ark. 382.    The district was not rendered invalid by the exclusion of certain lands said to be benefited, as these lands can still be made to bear their proportion of the tax.    215 S. W. 882.

McCULLOCH, C. J.    The Walnut Ridge-Alicia Road Improvement District in Lawrence County was created by a special statute enacted by the General Assembly.    Road Act No. 43, regular session, 1919.    The statute authorized the improvement of a public road running between Walnut Ridge and Alicia, and authorized the appraisal and taxation of the benefits for the purpose of paying the cost of the improvement.    The section of the statute pertinent to the controversy now before us reads as follows:

"Section 30.    If, for any reason, the improvement herein authorized and directed shall not be made, all expenses and costs accrued to that time shall be charged against the real property of the district, and the amount necessary to discharge all such indebtedness shall be levied by the chancery court of Lawrence County upon real property in proportion to the county assessment, and collected by a receiver to be appointed by said court."

There was an assessment of benefits by the assessors of the district appointed in accordance with the provisions of the statute, and subsequently another special statute was enacted approving those assessments.    Unpublished statute, approved Feb. 4, 1920.

The last statute just referred to also made slight changes in the boundaries of the district.

The validity of the statute confirming the assessment of benefits was upheld by this court in the case of *Gibson* v. *Spikes,* 143 Ark. 270. Later there was an abandonment of the whole project, it being ascertained that the cost of the improvement would be so much, in comparison with the benefits to be derived, that it was impracticable to attempt to make the improvement.

In an action instituted by certain owners of property in the district against the board of commissioners in the Federal court of this district, there was a decree enjoining further proceedings toward the improvement of the road, but the decree contained a recital that it was ''without prejudice to the right of the chancery court of Lawrence County to proceed to pay the debts of said Walnut Ridge-Alicia Road Improvement District as provided in section 30 of the act whereby said district is created, and to enforce collection of said taxes in the manner herein provided.''

Thereupon appellees, who had performed services in the preliminary work, instituted the present action in the chancery court of Lawrence County (Eastern District) against the improvement district and the commissioners thereof, in which it was sought to establish the claims of the creditors of the district and to enforce the collection thereof in accordance with the terms of the section of the statute quoted above.  Appellants are owners of lands in the district, and they intervened in the action to contest the claims against the district.

Appellants attack the validity of the district on the ground that certain tracts of land which would have been benefited were omitted from the district and thus exempted from taxation.  There is also an attack on the assessment of benefits made by the assessors, and confirmed by the Legislature, as being arbitrary, discriminatory and confiscatory.  There was also an attack on sec-

tion 30 of the original statute on the ground that it authorizes the collection of an *ad valorem* tax instead of a tax on benefits.

The court made a finding as to the correctness of the claims against the district and decreed payment thereof out of funds to be raised by taxation of benefits according to the assessments made by the assessors and confirmed by the Legislature.

There is no question raised as to the correctness of the claims of appellees as creditors of the district. It is therefore unnecessary to state those claims in detail or to refer to the amounts allowed to the respective creditors for services performed.

The attack on the validity of the statute creating the district is based upon the omission of certain lands. It is claimed that a portion of the SE¼ of sec. 27, twp. 17 N, range 1 E, which was contiguous to the northern end of the road to be improved in the corporate limits of Walnut Ridge, and which is excluded from the boundaries of the district, lies in between the NW¼ of said section and the end of the road, and that the only way of approach from the latter tract is completely around the former tract, along the road that crosses the bridge at the end of the road to be improved.

According to the plats exhibited, there is a creek near the city limits of Walnut Ridge, which forms the boundary of the road district at that point. There is a conflict in the testimony as to where the bridge is situated, there being testimony that the bridge which constitutes the end of the road to be improved lies in section 34, which is south of section 27. If this is true, the excluded portion of section 27 does not in any sense intervene between the portion of section 27 which is included in the district and lies further west.

It is also contended that there is an arbitrary exclusion from the district of the north half of section 2, which lies near the town of Minturn, and the inclusion of the south half of said section 2, it being alleged that the

only means of access to the road to be improved is from the south half over the north half of section 2. There is also a conflict in the testimony in that regard.

In neither of these instances is there such an intervention of excluded tracts between included tracts as to demonstrate that one tract is necessarily benefited because the other was included, so as to make the action of the lawmakers arbitrary and discriminatory. It is just a case of excluded lands which jut into the area included in the district, but which do not necessarily intervene between included tracts and the improved roads. The case in this respect is ruled by the recent decision in *Sadler* v. *McMurtrey,* 152 Ark. 621. Moreover, there is a provision in the statute creating this district authorizing the taxation of omitted lands which may be subsequently found to be benefited by the improvement. This provision eliminates any discriminatory effect of mistake of the lawmakers in omitting benefited tracts from the district, for this provision of the statute constitutes authority to put them in the district and assess them if subsequently found to be benefited. *Hill* v. *Echols,* 140 Ark. 474.

This is not a case of absolute exclusion from the district, as was the case in *Harrison* v. *Abington,* 140 Ark. 115, for the reason, as above stated, that the other provisions authorized the taxation of any lands found to be benefited, whether expressly included in the district or not.

The question of invalidity of the special statute confirming the assessment was decided against the contention of appellants in the case of *Gibson* v. *Spikes, supra.* But we are of the opinion that the chancery court erred in ordering the tax levied upon the benefits as assessed, rather than upon the values shown on the tax books for county purposes, in accordance with the provisions of section 30 of the original statute; therefore it is unnecessary to discuss the question of benefits.

The courts must find authority in the statute itself to impose taxes to pay the preliminary expenses of an

abandoned improvement district. The statute itself in this instance contains an express provision as to how the preliminary expenses shall be paid in the event that the authorized improvement shall not be made. It further provides that "the amount necessary to discharge all such indebtedness shall be levied by the chancery court of Lawrence County upon real property in proportion to the county assessment."

Appellants also attack the validity of the statute in this respect, their contention being that the taxation must be upon anticipated benefits and not upon value. We have often upheld taxation upon valuation as appraised by the county assessors for general purposes, on the theory that it constitutes a legislative determination that benefits will accrue in proportion to value. *St. L. S. W. Ry. Co.* v. *Board of Directors,* 81 Ark. 562.

Even if it be held that the presumption of the legislative determination that benefits will accrue in that proportion is excluded by the further provision in the statute for an actual assessment of benefits, it does not render invalid the provision for payment of preliminary expenses by taxation in proportion to the assessment for county purposes. The two methods of assessment are for wholly different purposes. One is for the payment of the cost of the completed improvement, which must be by taxation based upon and apportioned on benefits to accrue. The other is a mere provision for the payment of preliminary expenses where the improvement is not undertaken at all. This provision necessarily implies a determination by the Legislature that there are anticipated benefits, at least to the extent of the cost of the preliminary expenses, apportioned according to assessments for county purposes, but it is neither unfair nor violative of any right of landowners to provide that, in the event the contemplated improvement is not undertaken, the preliminary expenses shall be paid according to value, and not according to anticipated benefits. The distinction lies between the payment of preliminary expenses and payment of the actual cost of the improvement.

Where the attempt to construct the improvement proves abortive and has to be abandoned, it is fair to exact contributions from all of the lands according to value, provided the taxation does not exceed the anticipated benefits, and, as before stated, this feature of the statute must be treated as a determination that a proportionate assessment of taxation for the payment of preliminary expenses will not exceed the anticipated benefits. It is not even shown in the present instance that the assessments apportioned according to assessed value will exceed, as to any tract of land, the assessed benefits. *Board of Directors* v. *Dunbar,* 107 Ark. 285.

Our conclusion is therefore that the chancery court erred in adopting the method of taxation on assessed benefits, rather than the method prescribed by statute, of taxing the land according to value as assessed for county purposes. That part of the decree which relates to the method of assessment will be reversed and remanded, with directions for further proceedings in accordance with this opinion; in all other respects the decree is affirmed.