WOFFORD v. BETTIS.

Opinion delivered October 12, 1925.

HIGHWAYS—ABANDONMENT OF PROJECT—COLLECTION OF EXPENSES.— Where the affairs of a road improvement district have progressed beyond the preliminary stages, and expenses have been incurred for permanent as well as preliminary work, upon the abandonment of the improvement the expenses must be paid by a levy of taxes on the assessed benefits.

Appeal from Poinsett Chancery Court; *S. T. Mayo,* Special Chancellor; affirmed.

*Fred M. Pickens* and *Eugene Sloan,* for appellant.

*Robert E. Fuhr,* for appellee.

McCULLOCH, C. J. Fisher Road Improvement District in Poinsett County was created by an act of the General Assembly of 1919. Road Acts 1919, p. 1384. The preliminary work was done and expenses thereof incurred, and there was an assessment of anticipated benefits, which was duly confirmed in accordance with the statute. It being found that the estimated cost of the improvement would not exceed the assessed benefits, contracts were made for constructing the improvement. The contractors entered upon the performance of the contract and constructed part of the improvement, but the commissioners of the district decided to abandon the work, and that was done. There were no bonds sold, but

expenses were incurred for the construction of the work referred to above, as well as for the preliminary work. After the work was abandoned, claimants for these various expenses instituted suits against the district in the chancery court of Poinsett County, and that court adjusted the claims of the various claimants and rendered a decree specifying the amount each was to recover. There was no appeal from that decree, and therefore no question is involved on the present appeal concerning the correctness of the claims or the validity of the decree allowing the same. The chancery court appointed a receiver to collect the assessments for the purpose of paying off these claims, and directed that an assessment be made of eleven per centum of the benefits on the respective tracts of land in the district as already assessed and approved pursuant to statute. This appeal is prosecuted by owners of real property in the district, and the only question involved is as to the correctness of the method of the tax, whether it should have been made upon the original assessment of benefits, or whether it should have been levied *ad valorem* according to the assessment for general taxation.

There are two sections of the statute creating the district reading as follows:

"Section 20. All bonds issued by the commissioners under the terms of this act shall be secured by a lien on all lands, railroads and tramroads in the district, and the board of commissioners shall see to it that a tax is levied annually, and collected under the provisions of this bill, so long as it may be necessary to pay any bond issued or obligation contracted under its authority; and the making of said assessment or levy and collection may be enforced by mandamus. If any bond or interest coupon on any bond issued by said board is not paid within thirty days after its maturity, it shall be the duty of the chancery court of Poinsett County, on application of any holder of such bond or interest coupon so overdue, to appoint a receiver to collect the taxes aforesaid, and an assessor to reassess the benefits, if neces-

sary; and the proceeds of such taxes and collections shall be applied, after payment of costs, first to overdue interest, and then to payment *pro rata* of all bonds issued by the said board which are then due and payable; and the said receiver may be directed by suit to foreclose the lien of said taxes on said lands; and the suits so brought by the said receiver shall be conducted in all matters as suits by the board as hereinbefore provided, and with like effect; and the decrees and deeds therein shall have the same presumptions in their favor; provided, however, that, when all such sums have been paid, the receiver shall be discharged and the affairs of the district conducted by the board of commissioners as hereinbefore provided."

"Section 24. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expenses shall be first lien upon all the property in the district and shall be paid by a levy of a tax upon the assessed value for county and State taxation, which levy shall be made by the chancery court of Poinsett County and shall be collected by the receiver to be appointed by said court."

Appellants contend that the expenses incurred should be paid by levy of taxes in accordance with section 24, and they rely, in support of that contention, on the decisions of this court in *Netterer* v. *Dickinson,* 153 Ark. 5, and *Western Crawford Road Imp. Dist.* v. *Missouri Pacific R. Co.,* 157 Ark. 304. The distinction between the present case and the two cases relied on by counsel for appellants is that in both of those cases the payment of preliminary expenses was involved, whereas in the present case the expenses were for both preliminary work and permanent construction work. In those cases the operations of the respective districts did not progress beyond the preliminary stages, and the question of the method of raising funds to pay preliminary expenses fell squarely within the sections of the statute which were similar to section 24 of the present statute. The distinction between the cases is a very important one and brings

about a different result so far as concerns the method of raising funds to pay incurred obligations.

The orderly scheme adopted in the statute creating this district, which is similar to nearly all of the other recent statutes on that subject, provides for preliminary work in order to ascertain whether or not the construction of the improvement can be undertaken. This includes engineering work to determine the feasibility and the probable cost of the improvement, and the assessment of benefits to determine whether or not the estimated cost will exceed the benefits. The adoption of plans and the assessment of benefits mark the distinction between preliminary and permanent work. If at this point it is determined that the work cannot be done, no further steps can be taken except to pay the expenses incurred in preliminary work, and § 24 is the statutory method of raising funds to pay those expenses. If, however, it is ascertained at this point in the proceedings that the work of constructing the improvement may proceed, the preliminary expenses are merged into the general cost of the improvement, and the method prescribed in § 24 has no further effect. In other words, when the progress of the district gets beyond the preliminary stages, the only taxes that can be levied are those based on benefits. It is unnecessary to determine whether § 20 has any application, except as a remedy for holders of bonds, for, when liability has been incurred for permanent work and is properly established, the only remedy under general principles would be the apportionment of these expenses in accordance with the anticipated benefits, there being no other statutory provision applicable. Nor is it necessary to determine whether a receivership was proper, because that question is not involved on the present appeal. The expenses have been apportioned by the court in accordance with estimated benefits, and the only question presented now is whether or not this apportionment is made according to the proper method. We are of the opinion, as before stated, that where the affairs of the improvement dis-

trict have progressed beyond preliminary stages and expenses have been incurred for permanent as well as for preliminary work, those expenses must be paid by levy of taxes on assessed benefits, whether the improvement has been completed or not.

Decree affirmed.