SMITH *v.* SMITH.

5-2857                                      362 S. W. 2d 719

Opinion delivered December 17, 1962.

*G. S. Snuggs,* for appellant.

*Thomas D. Wynne, Jr.* and *Frank W. Wynne,* for appellee.

PAUL WARD, Associate Justice. The issues to be decided on this appeal emanate from an attempt to partition land in which appellant (a minor) held an undivided one-half interest in fee and appellee held a dower interest. One Henderson Smith was the owner of the land at the time of his death in 1942. Appellant is his grandson and appellee is his widow. Appellant is eighteen years old and has at all pertinent times been represented by a guardian who is his mother.

Stripped of the maze of pleadings and legal maneuvers, the real issues to be decided are as hereafter set out.

*One.* Appellant contends the widow, having only a lifetime interest, could not maintain the partition suit she filed herein. This contention is based upon our holding in

the case of *Monroe* v. *Monroe,* 226 Ark. 805, 294 S. W. 2d 338, decided October 22, 1956, and *Krickerberg* v. *Hoff,* 201 Ark. 63, 143 S. W. 2d 560. However, the law in this respect was changed by Act 324 of 1957. Section 1 of that act (presently found in Ark. Stats. § 34-1801) specifically includes ''Any persons having any interest and desiring a division of land held . . . as assigned or unassigned dower'' among those who can petition the circuit or chancery court for partition of land.

*Two.* Appellant insisted in the trial court and insists here that no summons was served on him individually but only on his guardian. We see no merit in this contention for several reasons. Ark. Stats. § 34-1803 gives the guardian of an infant the right to appear and defend for him. This section appears in the Civil Code as § 540 along with other sections dealing with partition of land. The record in this case also shows that appellant appeared and asked for (and received) affirmative relief against appellee on the ground she had committed waste. Appellant, having made himself a party to the litigation, could not complain of lack of service on himself. *Evans* v. *Davis,* 146 Ark. 595, 226 S. W. 520.

*Three.* In addition to what has already been said there is still another over-all reason why we must affirm the decree of the trial court. The partition decree was entered on April 15, 1961, and no notice of appeal was filed within thirty days as required by statute (Ark. Stats. § 27-2106.1). A decree partitioning land is a final decree from which an appeal could have been prosecuted. See: *Branstetter* v. *Branstetter,* 130 Ark. 301, 197 S. W. 688.

Appellant has also attempted to appeal from the order of confirmation entered on January 16, 1962, but his only assignment of error is that he was not served with notice. The record discloses, however, that he was personally served with notice on December 23, 1961 that the confirmation hearing would be on January 16, 1962. Moreover, the notice of appeal from that order was filed 37 days after it was entered.

No error appearing, the decree of the trial court is affirmed.

Affirmed.

McFADDIN, J., not participating.