SOLOMON JEROME SMITH JR. *v.* ELLA SMITH ET AL

5-3982                                    409 S. W. 2d 317

Opinion delivered November 21, 1966
[Rehearing denied January 9, 1967.]

*G. E. Snuggs,* for appellant.

*L. Weems Trussell* and *Thomas D. Wynne Jr.* and *Frank W. Wynne,* for appellee.

GUY AMSLER, Justice. This is another of numerous futile efforts by appellant to obtain relief which he alleges has been denied him by this court and by two trial courts on some five different occasions.

A summary of background facts will demonstrate the persistency and vainness of the endeavors in behalf of appellant's position.

Henderson Smith died in October, 1942, leaving a widow, appellee Ella, (his second wife) and two children as his only heirs at law. At the time of his demise he owned two parcels of land consisting of 25 acres. His home was located on one tract. Appellant Solomon Jerome Smith, Jr., a grandson of Henderson Smith, succeeded to ownership of an undivided one-half interest in

the estate upon the death of his father Solomon Smith, Sr.

On March 20, 1958, Ella Smith filed a partition suit in the Chancery Court of Dallas County, Arkansas, against the heirs at law of her deceased husband. Solomon Jerome Smith, Jr. and his guardian, Ira Lee O'Guinn, filed an answer and counter claimed against Ella Smith for waste allegedly committed by her. Affirmative relief was granted Solomon Jerome Smith, Jr. and his guardian (for waste committed by the widow) in a decree rendered on April 14, 1961.

The chancellor also decreed that the land was not susceptible of division in kind hence a commissioner was appointed to make public sale of all the land except two acres, which were set aside as Ella's homestead. A ten-acre tract of wild and unimproved land was sold to appellee Edgar McCollum, and a thirteen-acre tract was sold to appellee Billy A. Puterbaugh. McCollum and Puterbaugh then became parties to the Chancery proceedings by virtue of their purchases at the commissioner's sale.

Solomon Jerome Smith, Jr. and his guardian appealed to this court from the partition decree entered on April 14, 1961. Reversal of the decree was sought on the grounds that there had been no service of process upon him or his guardian and that there were other irregularities in the partition proceedings. He also contended that Ella Smith could not maintain a suit for partition of the lands in which appellant had an undivided interest.

We found no error in the proceedings and decree of the Dallas Chancery Court. Smith v. Smith, 235 Ark. 932, 362 S. W. 2d 719. Judgment on the mandate was entered in Dallas County and Solomon Jerome Smith, Jr. and his guardian, Ira Lee O'Guinn, accepted the benefits accruing to him under the decree of partition and accepted his part of the proceeds from the commissioner's sale.

On February 28, 1964, the Arkansas Highway Commission filed suit in the Circuit Court of Dallas County, Arkansas, to acquire right-of-way for an intersection of Highways No. 79 and 167 and a controlled access bypass of Fordyce.

The two-acre homestead allotted to Ella Smith in the 1958 partition suit was condemned and Solomon Jerome Smith, Jr. and his guardian (because of his remainder interest) were made parties defendant. Solomon Jerome Smith, Jr. received his share of the proceeds deposited by the Arkansas Highway Commission for the homestead land and improvements located thereon. There was a court order determining the commuted value of dower and homestead rights of Ella Smith and the amounts to be paid to the widow and the remaindermen.

A part of the land which Billy A. Puterbaugh acquired under the commissioner's deed from the aforementioned partition sale was also involved in a condemnation suit. Solomon Jerome Smith, Jr., by his guardian, Ira Lee O'Guinn, intervened in this suit for asserting claim to the funds deposited in the registry of the court for the taking of Puterbaugh's land. By answer Smith alleged that he owned an interest in the Puterbaugh land because of the invalidity of the partition decree of April 14, 1961, by which Puterbaugh acquired title. The Circuit Court, on April 10, 1964, found that Solomon Jerome Smith, Jr. had no interest in the Puterbaugh land and that any claim by Smith and his guardian was without foundation.

Timely notice of appeal to the Supreme Court from the findings and judgment entered by the Circuit Court was filed, and an appeal bond was made. However, the appeal was never perfected.

On August 18, 1964, Solomon Jerome Smith, Jr., having reached the age of 21, filed a second intervention in the Circuit Court condemnation case. In a num-

ber of pleadings Smith claimed a half interest in the Puterbaugh land and the funds deposited by the Highway Commission for the partial taking. These pleadings again placed in issue the alleged invalidity of the decree of partition in Chancery Court under which Puterbaugh acquired title to the land involved.

On November 2, 1964, the Circuit Court found that Smith had no interest in the Puterbaugh tract; that his claim of title to this land had been fully adjudicated; that the judgment entered on April 10, 1964, had become final because no appeal had been perfected; that this judgment was a complete bar to the attempted intervention filed on August 20, 1964. Relief was again denied.

On December 1, 1964, Smith filed notice of appeal from the order of the Circuit Court of November 2, 1964. This appeal was never perfected and the Circuit Court judgment entered on November 2, 1964, became final. This was a third adjudication of the claim of title of Solomon Jerome Smith, Jr. to the Puterbaugh land.

The record in *Smith* v. *Smith, supra,* shows that no notice of appeal was ever filed or served on McCollum and Puterbaugh, (appellees here) who were purchasers at the partition sale ordered by the Chancery Court in 1961. The decree therefore became final as to them. *Miller* v. *Henry,* 105 Ark. 261, 150 S. W. 700.

On June 2, 1965, the instant case was filed (pursuant to the provisions of Ark. Stat. Ann. § 29-506 sub paragraph 8 [Repl. 1962] and § 29-508 [Repl. 1962]) in the Chancery Court of Dallas County against Ella Smith, Billy A. Puterbaugh, Edgar McCollum, and Arkansas State Highway Commission (no service was obtained on the Highway Commission) seeking a review and modification of the partition decree previously entered on April 14, 1961. The complaint is largely a review of the Smith family background and a step by step summary of the multitudinous pleadings and orders in the first case (1961). By and large the complaint em-

bodies only allegations that were contained in pleadings filed by appellant's present attorney in *Smith* v. *Smith, supra,* and the aforementioned litigation in the Circuit Court. About the only new information is that appellant has attained his majority, is in the military service and contends that his constitutional rights have been impinged upon.

Prayer was that the trial court review the decree of April 14, 1961; that such decree be modified and corrected in such manner that appellant will be accorded "due process of law," "equal protection of the law," and that he "have his property rights adjudicated in accordance with the mandates of the Constitution and Laws of the United States of America, and of the Constitution and Laws of the State of Arkansas."

Appellee Puterbaugh filed a motion to dismiss and a counterclaim in which he alleged that Solomon Jerome Smith, Jr. had maliciously slandered the title to his (Puterbaugh's) land by the numerous pleadings, interventions, notices of appeal, willful delay and dilatory tactics in failing to perfect appeals, and the filing of repetitious pleadings alleging matters known to have been previously adjudicated. Appellees, Ella Smith and Edgar McCollum, filed motions to dismiss bottomed on pleas of res judicata. Following a hearing the chancellor dismissed the complaint of appellant holding that all issues had been previously adjudicated and transfered the counter-claim of Puterbaugh to the Circuit Court. There is no cross appeal from the transfer order, hence we are requested to review only the trial court's order dismissing appellant's complaint.

In *Ted Saum & Co.* v. *Swaffar,* 237 Ark. 971, 377 S. W. 2d 606, we said:

"The true reason for holding an issue res judicata is not necessarily for the identity or privity of the parties, but the policy of the law to end litigation by preventing a party who has had one fair trial of a

470

question of fact from again drawing it into contro-troversy ...... Further, res judicata is applicable not only to an issue actually litigated, but also gov-erns as to matters within the issue that might have been litigated. *Thomas* v. *McCollum,* 201 Ark. 320, 144 S. W. 2d 467; *Rose* v. *Jacobs,* 231 Ark. 286, 329 S. W. 2d 170.''

When the facts related above are considered in the light of the foregoing well established rule it becomes crystal clear that the learned chancellor properly dis-missed appellant's complaint and that it is our duty to affirm his holding, which is accordingly done.

McFADDIN, J., not participating.