## Raymond HARRILL et al *v.* BOARD OF COMMISSIONERS OF CLINTON ROAD WATER PIPE LINE IMPROVEMENT DISTRICT #328 OF PULASKI COUNTY

84-18                                                668 S.W.2d 538

Supreme Court of Arkansas
Opinion delivered May 7, 1984

*James F. Lane,* for appellants.

*Herrod & Vess,* by: *E. H. Herrod;* and *Townsend & Townsend, Ltd.,* by: *Willis Townsend,* for appellee.

GEORGE ROSE SMITH, Justice. The principal issue on this appeal is the constitutionality of the following statute pertaining to suburban improvement districts such as the appellee water pipe line district:

> In case for any reason the improvement contemplated by any district organized under this act is not made, the preliminary expense shall be a first lien upon all the land in the district and shall be paid by a levy of a tax thereon upon the assessed value for county and state taxation, which levy shall be made by the chancery court of the county and shall be collected by a receiver to be appointed by said court Ark. Stat. Ann. § 20-722 (Repl. 1968).

The appellants, landowners within the district, argue that the statute is invalid in its attempt to confer jurisdiction upon the chancery court to levy a tax and in its failure to provide each landowner with personal notice of the court proceeding in which the tax is to be levied. Our jurisdiction of the appeal is under Rule 29 (1) (a).

The district was organized in 1977 or 1978 and during the next few years incurred preliminary expense for fees of engineers, an assessor, and a lawyer, totaling about $40,000. When, however, the commissioners made an assessment of benefits in June, 1982, for the contemplated pipe line, 70 landowners, represented by counsel, appealed the matter to the county court, contending that the plans for the improvement had been materially changed, that the assessment exceeded any conceivable benefit to be derived from the project, and that the district should be terminated and dissolved.

The landowners' appeal was successful, in that the assessment of benefits was set aside and the case transferred to the chancery court. In September, 1982, the chancellor ordered the dissolution of the district and appointed a receiver to determine the allowable preliminary expenses. The eight appellants — landowners not among the 70 who appealed — do not question the receiver's court-approved finding that the allowable preliminary expenses were $40,000. Hence that aspect of the case is no longer in issue, the other 70 landowners also having made no complaint about the amount fixed.

In September, 1983, while the proceeding before the receiver was still being contested, the eight appellants asked permission to file an intervention attacking the constitutionality of Section 20-722, *supra,* on the two grounds we have stated. The chancellor refused to permit the intervention, finding that it was not timely. We do not, however, reach that question, nor other subordinate points argued by the appellants, such as the effect of the commissioners' having tendered their resignations during the course of the case. Instead, we prefer to dispose of the whole matter by considering on the merits the two constitutional questions, which are presented on undisputed facts.

First, the appellants argue that Section 20-722 is unconstitutional because it does not provide that each landowner be served with personal notice of the proceeding to determine the district's preliminary expenses. No such notice is necessary. In a dispute between an improvement district and its creditors, the district's board of commissioners represents the district. It is immaterial that here the commissioners had sought to resign, for the creditors' claims were resisted by the 70 landowners in an adversary proceeding. The appellants have not shown that their position differs in any pertinent respect from that of the other 70 landowners. Moreover, the appellants' petition to intervene and their proposed complaint were considered at a hearing at which they were specifically given the opportunity to proffer whatever proof they may have had. They presented no evidence to show that the absence of personal notice has prejudiced them in any way. Their present argument is thus

one of form, not of substance. They have had notice and an opportunity to be heard.

Second, it is argued that jurisdiction to levy a tax cannot be conferred on the chancery court and that in any event the landowners must be given an opportunity to contest the property valuation underlying such a tax. Under this particular statute, Section 20-722, the chancellor is not vested with any discretion in the levy of the tax. The chancery court has jurisdiction to determine the preliminary expense, because under the statute it is a first lien on the land — a matter traditionally within the jurisdiction of a court of equity. *Bowman Engineering Corp.* v. *Ark. & Mo. Highway Dist.*, 151 Ark. 47, 235 S.W. 399 (1921) (a case quite similar to this one).

Once the amount of the district's debt for preliminary expenses has been determined, the computation of the tax is merely a matter of distributing the burden over the total assessed value of the property within the district. Every landowner is given the opportunity to protest when his land is assessed for general taxation. Ark. Stat. Ann. § 84-437 (Repl. 1980). A second opportunity need not be given. In a case like this one, involving a statute so nearly identical to Section 20-722 that no distinction between the two is possible, we sustained the statutory procedure. *Neterer* v. *Dickinson & Watkins*, 153 Ark. 5, 239 S.W. 722 (1922). Still another similar Arkansas statute was held constitutional by the Supreme Court in *Missouri Pac. R.R.* v. *Western Crawford Road Imp. Dist.*, 266 U.S. 187 (1924). As with regard to the first point argued, the appellants were given an opportunity to proffer whatever testimony they had to support their position. They produced none. The validity of such statutes has been upheld repeatedly and need not be again discussed at length.

Affirmed.