Christine AMOS *v.* Larry L. AMOS

84-64                                                      669 S.W.2d 200

Supreme Court of Arkansas
Opinion delivered May 29, 1984

*Thurman Ragan, Jr.,* for appellant.

*Sharon M. Fortenberry,* for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant, Christine Amos, filed for divorce on May 5, 1983, alleging general indignities. On September 1, 1983, the divorce was dismissed for failure of the appellant to prove her grounds. Eight days later, the appellant filed a second complaint, seeking a divorce from bed and board and again alleging general indignities. The appellee, Larry Amos, filed a motion to dismiss the second complaint on the theory that the first judgment was res judicata. After a hearing, the Chancellor dismissed the complaint. We affirm his decision.

On appeal, the appellant first raises a narrow procedural issue. She argues that the chancellor erred in holding that the defense of res judicata could be raised in a motion to dismiss under ARCP 12(b) instead of in an answer filed pursuant to ARCP 8. The gist of the appellant's argument is as follows: Rule 12(b) states that every defense to a pleading must be asserted in the responsive pleading, except for certain listed defense; res judicata is not included in that list. Res judicata is however included in Rule 8 as an affirmative defense which must be set forth when responding to a complaint. Therefore, the appellant argues that the defense must be raised in a responsive pleading — an answer — and not in a motion to dismiss.

Although the preferred method to assert an affirmative defense such as res judicata is in an answer and not in a motion to dismiss, *see Hurst* v. *Hurst,* 255 Ark. 936, 504 S.W.2d 360 (1974); and *May* v. *Edwards,* 258 Ark. 871, 529 S.W.2d 647 (1975), we have, in a similr situation, treated such motion as if it were properly raised and decided it on the merits. *Narisi* v. *Narisi,* 233 Ark. 525, 345 S.W.2d 620 (1961); *See also Hurst* v. *Hurst, supra; Smith* v. *Smith,* 241 Ark. 465, 409 S.W.2d 317 (1966). Here, the parties are not requesting judicial review of the applicability of res judicata to this case. Instead they are merely contesting this procedural point. At the hearing, before the chancellor granted the motion to dismiss, he informed the appellant that she could file affidavits supporting her position in

response to the motion. She declined to do so. Although the appellant argued that new events had occurred during the eight days that transpired between the resolution of the first and the filing of the second complaint which gave rise to the second cause of action, both complaints stated the same dates as to the marriage and separation and thus set the perimeters within which the cause of action accrued. Res judicata was therefore a proper defense and the appellant was not prejudiced by the granting of the motion to dismiss on those grounds. We held recently that when an appellant had notice and an opportunity to be heard and presented no evidence to show that he was prejudiced by the action taken, his argument is one of form and not of substance. *Harrill et al v. Bd. of Comm'rs of Clinton Road Water Pipe Line Improvement Dist. #328 of Pulaski County,* 282 Ark. 348, 668 S.W.2d 538 (1984). The same is true here. Accordingly we affirm the chancellor as to this point.

The appellant's second argument is also without merit. She argues that the chancellor erred in holding that Ark. Stat. Ann. § 34-2703 (Supp. 1983), a portion of the Uniform Child Custody Jurisdiction Act, does not confer jurisdiction on the chancery court to enter an order for support of minor children absent a divorce proceeding. The chancellor found that the statute is solely for custody battles between residents of different states. We agree. After the appellant's second divorce complaint was dismissed, she attempted to obtain a support order from the chancellor. When he dismissed the case under the theory of res judicata without hearing it on the merits, he lost jurisdiction of the case. We have stated that suits between spouses for custody are derivative of divorce actions and are not independent causes of action. *Robins v. Ark. Social Services,* 273 Ark. 241, 617 S.W.2d 857 (1981). The chancellor in the first divorce suit, after denying the divorce, had the authority to award custody and/or support of the children to the parties. *Adams v. Adams,* 224 Ark. 550, 274 S.W.2d 771 (1955). The second chancellor had no such authority. This opinion in no way prohibits the appellant from seeking relief for any new cause of action that may have occurred between the filing of the first and second complaints.

Affirmed.