Ann M. LUECKE, Executrix of the Estate of Nell S. SIMPSON, Deceased *v.* MERCANTILE BANK OF JONESBORO, ARKANSAS, Executor of the Estate of S.L. SIMPSON, Deceased, Marion S. CURTNER and Mary Louise BEENE

86-54                                    712 S.W.2d 306

Supreme Court of Arkansas
Opinion delivered July 14, 1986
[Rehearing denied September 15, 1986.]

*Clayton L. Phillips, Jr.*, and *Robert S. Laney*, for appellant.

*Shaver, Shaver & Smith*, by: *J.L. Shaver*, and *Walker, Snellgrove, Laser & Langley*, by: *G.D. Walker*, for appellee.

STEELE HAYS, Justice. This is the second appeal arising from a spousal murder-suicide. See *Luecke* v. *Mercantile Bank of Jonesboro*, 286 Ark. 304, 691 S.W.2d 843 (1985). Mrs. Nell Simpson died at the hands of her husband, S.L. Simpson, on October 7, 1978. Mr. Simpson's death occurred some hours later. The parties are identical in both appeals: Appellant Ann Luecke is a daughter of Mrs. Simpson by an earlier marriage and the executrix of Mrs. Simpson's will; appellees are the daughters of Mr. Simpson, and Mercantile Bank is the executor of his will. Our jurisdiction occurs by reason of the second appeal, Rule 29(1)(i)(j).

After successfully pursuing a wrongful death action in federal court, Mrs. Luecke filed suit in the Craighead Chancery Court to impose a constructive trust upon certain assets of Mr. Simpson's estate and to establish an interest in real and personal property held jointly or as tenants by the entirety. The chancellor divided the assets, some to Mrs. Simpson's estate, some to Mr.

Simpson's. The jointly held properties, rather than in strict adherence to the rule of survivorship, were divided equally between the two estates as if the decedents had been tenants in common. That decision was affirmed in the first appeal.

After *Luecke* v. *Mercantile Bank* had become final, Mrs. Luecke filed a Creditors Bill in chancery to apply the rationale of divorce to the property interests altered by the two deaths. The suit was predicated on the theory that if the Simpsons had survived the October 7, 1978 incident, Mrs. Simpson would have had grounds for divorce, giving her the status of a creditor according to her entitlements based on the divorce laws in effect at the time. Mrs. Luecke asked that the resulting indebtedness of the S.L. Simpson estate to the Nell Simpson estate be liquidated, that the claim be given a higher priority than the claims of Mr. Simpson's heirs, and that the attorneys for "the wife" be awarded attorneys' fees as in divorce cases.

Mr. Simpson's executor filed a motion under ARCP Rule 12(b)(6) to dismiss the suit for failure to state facts upon which relief can be granted and the motion was sustained. On appeal we affirm the order of dismissal.

■ This is a novel but unmistakable attempt by the appellant to relitigate the issues adjudicated in the earlier phases of the case and affirmed in the first appeal. Appellant has seized upon dictum in our opinion which compared the chancellor's dissolution of the joint tenancies to the manner of handling such properties in divorce. There was no intent on our part to imply that the chancellor's attempt to reach an equitable solution to an extraordinary situation, i.e. the murder and suicide of a husband and wife, should bind us to apply the statutory incidents of divorce in any literal sense. What we said was:

> As to the property held by Mr. and Mrs. Simpson as tenants by the entirety, we think the better rule is that applied by the trial court which holds that the murder/suicide severed the marital relationship and the parties became tenants in common, entitling each to recover ½ of the property. In adopting this viewpoint, we apparently align ourselves with the majority of courts who have ruled on this subject. The effect of the severance of the marital relationship is much like that caused by divorce. Likewise,

our holding is consistent with our statutory law on divorce which provides for a similar equal division of the property, Ark. Stat. Ann. § 34-1215 (Supp. 1983). (Citations omitted).

The observation was made simply to point out that the chancellor's treatment of the problem was comparable to divorce, for whatever logic might be found in the analogy. It was entirely dictum and should be seen as nothing more than that. Even if it could be said the argument had merit, which we do not suggest, it may not be introduced as an afterthought to a trial and an appeal of the identical issues, although presented on other theories. *Hastings* v. *Rose Courts, Inc.*, 237 Ark. 426, 373 S.W.2d 583 (1963).

Mrs. Luecke also contends she has been denied procedural due process by the dismissal of her suit. The answer, of course, is that she has had a full opportunity to present her claims against the estate of S.L. Simpson and she may not be heard twice on issues which have been fairly tried and decided. *Davis* v. *Schimmel*, 252 Ark. 1201, 482 S.W.2d 785 (1972). *Smith* v. *Smith*, 241 Ark. 465, 409 S.W.2d 317 (1966).

Affirmed.

HOLT, C.J., not participating.