# ROBERT D. HOLLOWAY, INC. *v.* PINE RIDGE ADDITION RESIDENTIAL PROPERTY OWNERS

97-748                                                        966 S.W.2d 241

Supreme Court of Arkansas
Opinion delivered April 9, 1998

*Ellis Law Firm*, by: *George D. Ellis*, for appellant.

*Wright & Bonds*, by: *Barbara P. Bonds*, for appellee Pine Ridge Residential Property Owners Multi-Purpose Improvement District No. 9.

*Pike & Bliss*, by: *George E. Pike, Jr.*, for appellee Capitol Development Of Arkansas, Inc.

W.H. "DUB" ARNOLD, Chief Justice. The constitutionality of Ark. Code Ann. § 14-94-127 (Repl. 1988) is the issue before us on appeal. The instant appeal challenges an order of the Pulaski County chancery court granting a motion for summary judgment and holding section 14-94-127 unconstitutional. Finding that the statute unconstitutionally delegates to the chancery court a solely legislative function, we affirm.

Appellant, Robert D. Holloway, Inc., an engineering firm in Maumelle, Arkansas, performed professional engineering services in a total amount of $247,811.06, on behalf of appellee Pine Ridge Addition Residential Property Owners Multi-Purpose Improvement District No. 9. After the appellant submitted plats

to the City of Maumelle on December 27, 1989, the City entered into an improvement district agreement with the district and the trustee, Worthen Bank & Trust Co., N.A. Appellant continued to perform engineering services for the district until November 14, 1990, when it received and tabulated construction bids. Following the City's agreement with the district and the trustee, the project was abandoned for unknown reasons, and the district never issued bonds to finance construction of the planned improvements. To date, the appellant has not been paid for the engineering services performed for the district.

Pursuant to Ark. Code Ann. § 14-94-127, the appellant filed a complaint on February 9, 1994, seeking judgment for the balance owed, the appointment of a receiver, and the levy of a tax against the real property in the district in an amount sufficient to pay the judgment, interest, costs, and attorney's fees. Specifically, section 14-94-127 provides:

> If for any reason the improvement contemplated by any district organized under this chapter is not made, the preliminary expense shall be a first lien upon all the real property in the district and shall be paid by a levy of a tax on it. The levy shall be made by the chancery court of the county and shall be collected by a receiver to be appointed by the court.

After the district filed its answer, appellee Capitol Development of Arkansas, Inc. moved to intervene in the action, arguing that the district owned no real or personal property and, ultimately, any tax assessed pursuant to the statute would be levied solely on Capitol Development's property because it owned all of the real property encompassed by the district. Capitol Development simultaneously moved for summary judgment, asserting that section 14-94-127 was unconstitutional because it gave the chancery court legislative discretion in determining a method to assess and levy a tax. The chancery court granted both the motion to intervene and the motion for summary judgment and held that section 14-94-127 is an unconstitutional delegation of legislative taxing power in violation of the separation of powers provisions of the Arkansas Constitution.

■ In reviewing summary judgment cases, this Court need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. Further, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56; *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997).

■ Moreover, we note that acts of the General Assembly are presumed to be constitutional and will be struck down only when there is clear incompatibility between the act and the Arkansas Constitution. Here, where the trial court held section 14-94-127 unconstitutional, the appellees bear the burden of proving that the statute violated provisions of the Arkansas Constitution. *McCutchen*, 328 Ark. at 207; *McDougal v. State*, 324 Ark. 354, 922 S.W.2d 323 (1996).

■ Significantly, when the construction of a statute is at issue, the statute should be given that interpretation that will sustain rather than defeat it, and effect must be given, if possible, to every part of the statute. In construing a statute, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. *McLeod, Comm'r of Revenues v. Santa Fe Trail Transp. Co.*, 205 Ark. 225, 168 S.W.2d 413 (1943). We must also give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993).

Here, however, the issue at bar involves not the interpretation of two conflicting statutory provisions but the absence of

"magic language" that the appellant argues can be read into the statute to save it, and the appellees claim that the missing language defeats the statute. Specifically, the contested magic language is "upon the assessed value for county and state taxation."

Analogous statutes, involving the payment of preliminary expenses when a planned improvement project is abandoned, have been held constitutional or would likely pass constitutional muster. *See e.g.*, Ark. Code Ann. §§ 14-92-238, 14-317-131, 14-318-124 (1987 & Repl. 1998). These statutes permit a chancery court to assess and levy taxes to pay preliminary expenses by (i) determining the total amount of preliminary expense, and (ii) spreading a tax throughout the district, via a legislatively defined method, sufficient to pay the expense. Significantly, these statutes do not vest the chancery court with any discretion to determine the method of levying the tax. However, pursuant to section 14-94-127, the chancellor could choose to compute the tax by distributing the burden over the real property within the district in proportion to (i) the assessed value for county and state taxation, or (ii) anticipated benefits.

In *Harrill v. Board of Comm'rs of Clinton Road Water Pipe Line Improvement Dist. No. 328 of Pulaski County*, 282 Ark. 348, 668 S.W.2d 538 (1984), pursuant to a nearly identical statute to the one at issue, a chancellor was authorized to determine the amount of preliminary expense, but the computation of the tax was merely a matter of distributing the burden over the total assessed value of the property within the district. Notably, the statute involved in *Harrill* did not vest the chancellor with any discretion in selecting the method of levying the tax. The statute was upheld precisely because the legislature did not delegate discretion in the assessment of the tax levy but retained that power by defining the specific method to levy the tax. *Id.* at 351.

Also, in *Neterer v. Dickinson & Watkins*, 153 Ark. 5, 239 S.W. 722 (1922), an early case relied upon by the *Harrill* court, the statute at issue authorized the payment of preliminary expenses, upon abandonment of an improvement project, to be paid by a tax levy on the real property within the district in proportion to the county assessment. However, the *Neterer* court held that expenses

were not properly payable from funds raised by taxation of "assessed benefits" because the statute prescribed the "assessed value" method. The *Neterer* decision also concluded that a court must find the authority, in the statute itself, to impose taxes to pay preliminary expenses of an abandoned improvement district. *Id.* at 10-11.

■ ■ The power of taxation, whether by general taxation or by local assessment, is a legislative power that cannot be exercised in the absence of statutory authority. *Quapaw Cent. Business Improvement District v. Bond-Kinman, Inc.*, 315 Ark. 703, 870 S.W.2d 390 (1994). Here, the absence of language in section 14-94-127 directing the chancery court to use a particular method for computing the tax levy bestows upon the judiciary a nondelegable power of the legislature in violation of the separation of powers provisions of the Arkansas Constitution. *See* Ark. Const. art. 4, §§ 1, 2.

■ The absence of the "magic language" from section 14-94-127 designating a particular method of tax computation may well have been an oversight. Unfortunately, that oversight cost the appellant $247,811.06 and failed to afford it the same privilege and protection extended to professional firms working with other types of improvement districts whose projects are abandoned. Nevertheless, the chancery court correctly held that Ark. Code Ann. § 14-94-127 is unconstitutional, and we affirm the trial court's order granting appellee Capitol Development's motion for summary judgment.